ERNEST E. HART, APPELLANT, v. W. A. SAUNDERS ET AL., APPELLEES.

FILED NOVEMBER 11, 1905. No. 13,964.

Deed: CONSTRUCTION. The construction of an ambiguous deed is ascertained from the language used and from a consideration of the situation and circumstances of the transaction of which it was a part.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed with directions.*

*McGilton, Gaines & Storey* and *Mayne & Hazelton*, for appellant.

*W. A. Saunders* and *W. W. Slabaugh, contra.*

AMES, C.

In 1891 the Citizens State Bank of Council Bluffs, Iowa, was the owner of an irregular tract of land situated in this state and known as "tax lot ten." The plot of ground thus designated comprised contiguous parts of adjoining governmental quarter sections and was particularly described as follows: "The south 64 rods of the east half of the northwest quarter of the southwest quarter and the south 8 3-10 acres of the west 10 3-10 acres of the northeast quarter of the southwest quarter of section 18, township 16 north of range 13 east of the 6th P. M., in Nebraska." On July 23, 1891, the bank sold and conveyed to Jennie L. Rice a part of this tax lot. The description contained in the deed was as follows: "A part of tax lot ten (10) and described as follows: All the west 469 feet of the south 64 rods," etc., followed by a particular description of the tax lot as the same is given above. On the same day the grantee, Mrs. Rice, conveyed to one Tunison, by precisely the same description, except a slight variation in the phraseology of the introductory part thereof, which ran "that part of tax lot ten (10) or more particularly described as all the west four hundred and sixty-nine (469) feet of the south 64 rods," etc., continuing with the particular description of the tax lot as the same is above given, and concluding with a reservation of a small tract "in the southwest corner thereof." Afterwards, and by a deed dated June 18, 1892, the bank made to Mrs. Rice a second conveyance of lands described as "the east twelve and 5-6 acres of the south sixty-four (64) rods," etc., and also continuing and concluding with the above given particular description of the tax lot. It is evident, therefore, at the time of the execution of this latter deed both

the bank and Mrs. Rice supposed that the former convey-
ance between the same parties was inoperative upon any
part of the 12 5-6 acres. At the time Mrs. Rice made her
conveyance to Tunison, she took from the puchaser a pur-
chase-money mortgage, which she sold and assigned to
one Chittenden, and which the latter foreclosed, thereby
obtaining title to the mortgaged premises. After having
done so, Chittenden conveyed to one Gates, and Gates to
the defendent and appellee Saunders, 8.3 acres of the land
embraced within the description of the 12 5-6 acres con-
tained in the secondly above mentioned deed from the
bank to Mrs. Rice. The plaintiff, Hart, claims this
same 8 3-10 acres by mesne conveyance under this last
mentioned deed, and brought this action to establish title
to the same, but was defeated in the district court and
prosecutes this appeal.

There is no question of adverse possession, nor does
either party claim to be exempt from constructive notice
of the recitals and descriptions contained in all the above
mentioned deeds, so that the sole question is what, as be-
tween Mrs. Rice and her grantee, did her deed to Tunison
convey. The defendant contends that it conveyed two
parcels of land, each a part of "tax lot ten," and the plain-
tiff, that it contained only one. For the purpose of an-
swering this question, we think it is pertinent to inquire
whether Mrs. Rice acquired title to one or to two parcels
from the bank, because it is plain that she only could
have conveyed, or have intended to convey, to Tunison
so much land as she acquired by this last mentioned in-
strument. Now that deed recites that it conveys "a part,"
that is a single part, of tax lot ten, and similarly the
Tunison deed recites that it conveys "that part of tax lot
number ten," which also indicates a single part. The am-
biguity arises from the use of the words, "and the south
8.3 acres," etc., but these words occur in the particular
description of the tax lot itself, and are essential for a
description of the tract or plot of land off the west side
of which were carved the 469 feet affected by the deeds.

That is to say, the tax lot consisted of one tract and of another tract; and of the composite tract, so constituted, 469 feet taken from the west side thereof was conveyed by the bank to Mrs. Rice, and by the latter to Tunison. That such was the intent and understanding of the parties is made manifest by the fact that the remainder of the tract, consisting of the whole of one of its original constituents, and of the other diminished by 469 feet taken from its west side, was subsequently conveyed by the bank to Mrs. Rice, and by her to another person, named Olson, under whom the plaintiff claims.

There are other features of the situation and of the circumstances of the transaction that tend to throw light upon it and upon the intent of the parties. If the bank and the Tunison deeds were intended each to convey two parcels of land, one of those parcels was on the west side of the tax lot and the other upon the east side, and the two were separated by a strip 191 feet wide, and extending 64 rods across the tax lot from north to south, and containing only about 4 acres of ground. This strip of ordinary or rather rough farm land, and thus detached from all other ownership, would have been adapted to no particular or special use, and would have been undesirable for any separate or peculiar occupancy, and would have been of but little present or prospective value. No rational motive can be, or is attempted to be, assigned for a conveyance of the two parcels which the defendant contends were conveyed by the deeds last mentioned, without including this strip also. Not only could it not have been omitted by mistake, but, if the defendant's construction is correct, some pains and ingenuity were employed for the purpose of excluding it, but, nevertheless, entirely obvious phraseology for the expression of that intent was not only not chosen, but some further pains would seem to have been taken to render the language of the instruments ambiguous, and this latter pains was also taken without assignable motive. We think the latter supposition is as inadmissible as the former, and that the reasonable pre-

sumptions are, first, that the parties did not intend to convey two parcels, reserving a practically valueless strip; and second, that, if they had so intended, they would have chosen language clear and apt for the accomplishment of that object.

The deed from Mrs. Rice to Tunison excepts "a tract three hundred (300) feet north and south and one hundred and ninety-nine (199) feet east and west in the southwest corner thereof." This exception is important in the present controversy only as bearing upon the interpretation of the instrument. If the deed conveyed a single parcel off the west side of the tax lot, the exception has an obvious meaning and the subject matter of it is readily ascertained and defined, but if the conveyance was of two parcels, one on the west and one on the east side of the tax lot, the instrument affords no means of ascertaining out of the corner of which parcel the exception or reservation is to be taken or made. A suggestion by the defendant that the words "southwest corner thereof" refer to the tax lot as an entirety is inadmissible, because the office of an exception is to reserve or retain something from that which, in its absence, the instrument would have conveyed, and it is not pretended that, in the absence of this exception, the deed would have conveyed the entire tax lot. In other words, if the exception does not refer to the description of what the deed was intended to convey, it has no meaning at all. Evidently, therefore, if the deed had been intended to convey two parcels, the exception would have specified from which of them the smaller tract, title to which it reserved or retained in the grantor, was to be carved.

By the foregoing considerations, we are convinced that the learned judge of the district court erred, and we recommend that the judgment be reversed and the cause remanded, with instructions to render a judgment for the plaintiff conformable to the prayer of his petition.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with instructions to render a judgment for the plaintiff conformable to the prayer of his petition.

JUDGMENT ACCORDINGLY.