6l 133<br>158a 234

# THE CONSUMERS' GAS AND ELECTRIC–LIGHT COMPANY, APPELLANT, *v.* THE CONGRESS SPRING COMPANY AND OTHERS, RESPONDENTS.

*Electric-light companies — injunction to prevent the cutting down of a pole — a license by village trustees to a company cannot be attacked collaterally, because fraudulently obtained — the giving of the license is an exercise of the sovereign power — if special injury is charged the facts must be alleged.*

The complaint in an action alleged the incorporation of a company to supply electric light to a village; that the village trustees duly granted to the company the right to set poles along the streets; that it, by consent, erected a pole at a point opposite the property of the defendant, the Congress Spring Company, which the latter subsequently cut down. The plaintiff prayed for an injunction and damages. The answer, among other things, alleged that the right granted by said trustees was procured through fraud.

Upon the hearing had upon a demurrer interposed to this defense:

*Held*, that the demurrer should be sustained.

That the ordinance of the trustees was a legislative act, and that public policy forbade that such acts should be impeached collaterally.

That such a license is derived from the sovereign power, and where it simply enlarges the public right in the street, and does not invade any right of an individual, the latter cannot attack it collaterally.

That if, because of peculiar circumstances, the property which the public have no right to invade is injured the owner thereof might have a remedy, but in such case he must show by his complaint the special circumstances entitling him thereto.

APPEAL by the plaintiff, the Consumers' Gas and Electric-light Company, from a judgment, entered in the office of the clerk of Saratoga county on the 30th day of January, 1891, overruling its

demurrer to the defendants' answer with notice of an intention to bring up for review upon such appeal an order, entered in said clerk's office on the 22d day of December, 1890, upon which said judgment was founded.

The complaint alleged the incorporation of plaintiff for the purpose of supplying electric light in the village of Saratoga Springs. for public and private uses; that the board of trustees of the village, prior to the acts complained of, duly granted to the plaintiff the right and franchise to set its poles and string its wires in and along the streets of the village, the said board being clothed with all the authority of commissioners of highways over the said streets; that the defendant, the Congress Spring Company, consented that the plaintiff erect a pole on Putnam street, at the place described opposite and in front of its premises, upon which to string its wires. for the purpose of supplying light, as aforesaid, at a point on said street; that plaintiff thereafter erected a pole at such place and strung wires thereon for such purpose as a part of its system of lighting, and that the defendants cut down the pole and threatened to cut. down any other pole which plaintiff may erect at the said point, and plaintiff demanded judgment awarding an injunction and damages.

The defendants by their answer, among other things, set up this separate defense:

"It alleges upon information and belief that any consent, grant, right or franchise by the Board of Trustees of said village to plaintiff to set poles or string wires in and along the streets or alleys of said village, if any was granted or conferred as alleged, was. unauthorized and illegal and was obtained from said Board of Trustees and the individuals, or some of them composing said Board of Trustees, through fraud and by means of fraudulent and illegal inducements and wrongfully; and the same was not a legal or valid consent, grant, right or franchise, and did not authorize any poles. or wires to be placed in said streets or alleys, and any person assuming to act in relation to the premises thereunder, by placing poles or wires in or through Putnam street, wrongfully entered upon and trespassed upon defendant's said property and was a wrong-doer,. violating defendant's rights in its property aforesaid."

The demurrer was interposed upon the ground that such defense was insufficient in law upon the face thereof. The trial court over-

ruled the demurrer, and from the order and judgment thereon this appeal is taken.

*W. P. Butler*, for the appellant.

*D. E. Wing*, for the respondents.

LANDON, J. :

We think the demurrer well taken. The answer does not deny that the board of trustees of the village granted plaintiff consent to erect its poles and string its wires, or allege any fact tending to invalidate such grant of consent, except the allegation that the same was obtained " through fraud and by means of fraudulent and illegal inducements, and wrongfully." Passing the question whether this is a sufficient allegation of fact, public policy forbids that the acts of municipal bodies, in passing ordinances or administrative regulations, should be impeached collaterally. (*Porter* v. *Purdy*, 29 N. Y., 106.)

The ordinance of the board of trustees is a legislative act. (*Duryee* v. *Mayor*, 96 N. Y., 477 ; *Mayor* v. *Third Avenue R. R. Co.*, 16 N. Y. St. Rep., 122.) The authority to pass it exists in pursuance of the delegation by the legislature to the board of trustees of the village of such local legislative powers as may be suitable to their proper organization, for which the legislature is required to provide (Const., art. 8, § 9), and is, therefore, an exercise of the sovereign power of the State: Whatever powers may exist in the judiciary to vacate such action for fraud and corruption in its exercise, it would, as said by Chief Justice MARSHALL in *Fletcher* v. *Peck* (6 Cranch, 87), " be indecent in the extreme, upon a private action between two individuals, to enter into an inquiry respecting the corruption of the sovereign power of a State." (See *Baird* v. *Mayor*, 96 N. Y., 567, 581.) The validity of the grant of the privilege cannot thus be assailed, and this part of the answer is invalid as a defense. Every other part of the answer demurred to is so dependent upon this part that it falls with it.

The defendants contend that because the license given by the trustees operates to permit the plaintiff to invade their lands, and thus prejudice their property rights, the defendants should be permitted to allege anything which avoids the license. The contention is based upon a false assumption. The license in question comes from the sovereign power. Sovereign power is limited by

constitutional restraints, and the defendants' protection against the invasion by the sovereign of private rights exists only in such restraints. Private property shall not be taken for public use without compensation. But the property in question has been taken for public use, and, presumably, compensation was long since made or waived. The legislature may authorize the use of the streets for other purposes than travel, and electric lighting is one of such purposes. (*Electric Construction Company* v. *Heffernan*, 34 N. Y. St. Rep., 436.) It thus enlarges the usefulness of the public right; it does not invade any right reserved by the defendant. When the street was first acquired for public use this particular right was acquired, though long unexercised. The license given by the trustees is thus within the public right, and this is merely the first time that it has thus been exercised. Of course, if the exercise of this right, owing to peculiar and special circumstances, should injuriously affect the lot of the defendants, and thus injure property which the public have no right to invade, or should be solely for private purposes, defendants might have a right to protection or compensation, which the present pleadings do not present.

The judgment and order should be reversed, with costs, and the demurrer sustained, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment reversed and plaintiff's demurrer allowed and judgment for plaintiff for costs below and of appeal.