VAN BRUNT, P. J. I am of the opinion that the complaint should have been dismissed. Concur in reversal and new trial.

---

### WITCHER v. HOLLAND WATERWORKS CO.

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

1. UNINCORPORATED VILLAGE—USE OF HIGHWAY TO SUPPLY INHABITANTS WITH WATER.
   The laying of pipes and hydrants, as authorized by Laws 1890, c. 566, § 82, by a private corporation, in the highways of an unincorporated village of 600 inhabitants, for the purpose of supplying the inhabitants with water, all of the inhabitants being entitled to the use thereof on the payment of a reasonable rate, is for a public use, even though no contract is, or could be, made with the municipality to supply

it with water, and the highways may be so used on obtaining a permit from the village, as provided by section 80.

**2. SAME.**
　　The fact that the village is unincorporated, and no contract can be made with it to supply it with water, and that the company cannot, therefore, exercise the right of eminent domain, is immaterial, since the right to so use the highways is not based on the right to condemn property, but on the doctrine applicable to the use of urban highways for such purposes.

**3. SAME.**
　　Such use of the highways does not impose an additional burden on the fee.

Appeal from circuit court, Erie county.

Action by Chauncey Witcher against the Holland Waterworks Company. From a judgment dismissing the complaint upon the merits, entered on a verdict directed by the court, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Frank C. Laughlin,* for appellant.　*Wallace Thayer,* for respondent.

LEWIS, J. This is an action of ejectment to recover the possession, subject to the public easement, of a part of the highway in the village of Holland, Erie county, the fee thereto being in the plaintiff, and to compel the removal of certain water pipes and a hydrant from the street. The defendant is a corporation organized under chapter 737 of the Laws of 1873, and the acts amendatory thereof, for the purpose of supplying water to the inhabitants of the village and town of Holland for culinary and drinking purposes, and for the extinguishment of fires, etc. It is a stock company, the stock being owned by private individuals. Water is brought from springs into the village through pipes laid under ground. Hydrants have been placed by the defendant along the principal street of the village, and so located as to be accessible for use in case of fire. The supply and head of water are ample for the purposes mentioned. The village is unincorporated, but has a population of 600, having 174 buildings, exclusive of barns. The buildings are mainly located upon one street, within a distance of about three quarters of a mile. There are streets crossing the main street occupied by dwellings for a distance of about five eighths of a mile. The average distance between the buildings on the main street is about 30 feet. Written consent to lay its water pipes in the town of Holland was obtained of the officials of the town, and was properly filed, before laying the pipes. Without the consent of the plaintiff, the defendant dug trenches in the street in front of his house, placing three pipes therein, and erected a hydrant in front of his premises. The plaintiff's premises are upon the main street, in the center of the village. He owns the fee of the street. Near to his dwelling are houses, stores, and other buildings. Defendant had at the time of the trial contracted to furnish water to 52 residences and places of business in the village, and had actually supplied 11 houses with water; but it had not entered into any contract with the town authorities to supply the village with water. The defendant is required, by section 81 of chapter 566 of the Laws of 1890, to furnish water at reasonable rates to all consumers who may wish to use the same. If the village to be supplied with water be incorporated, its board of trustees has power to contract with the company for the delivery of water to the village through hydrants or otherwise. No express authority is given by the act to the town authorities to make contracts for supplying water to the inhabitants of the town. The village of Holland being unincorporated, it must be treated as a part of the town of Holland. Section 82 of the act gives to incorporated water companies the power to lay and maintain their pipes and place hydrants for delivering and distributing water in any street, highway, or public place of any town or village, when it has obtained the permit to lay its pipes in the highways, as required by section 80 of the act. The act of 1890 took effect

on the 1st day of May, 1891. The pipes were laid in front of the plaintiff's premises in November, 1891. A verdict was directed in defendant's favor, and was therefore, in effect, a decision that the plaintiff was not entitled to recover upon any finding warranted by the testimony. *Stone* v. *Flower*, 47 N. Y. 566.

The plaintiff asked to go to the jury upon the question whether the laying of the pipes and the placing of the hydrant in the street in front of plaintiff's premises was an additional burden on the fee. The motion was denied. The right of defendant to lay the pipes, etc., without making compensation, is a question of law. Whether the use was a public one, or private property was taken, are judicial questions. Are these pipes, hydrants, and water devoted to a public use? As we have seen, they are not at present in actual use under any contract with the authorities of the town, but only by individual residents of the village who have made contracts with the company. The company is required to furnish water to any of the inhabitants on the line of its pipes who desire to use the water. The hydrants are erected to furnish water for fire purposes. At the time of the fire there was no hose or fire apparatus, nor fire company, in the town, but the hydrants were so placed that they could be used advantageously for extinguishing fires; and it appeared from the testimony that the inhabitants were at liberty to use them for such purpose.

Holland, though not incorporated, is a large and populous village. The inhabitants thereof have all the requirements and necessities for the use of pure and wholesome water that they would have were the village incorporated. The streets of a populous village or city are subject to greater burdens and to a greater variety of uses than a rural highway. The extent of an easement in a street is to be measured somewhat by the necessities of the public. *Johnson* v. *Electric Co.*, (Sup.) 7 N. Y. Supp. 716. In *Lahr* v. *Railway Co.*, 104 N. Y. 292, 10 N. E. Rep. 528, RUGER, C. J., said: "Statutes relating to public streets, which attempt to authorize their use for additional street uses, are obviously within the power of the legislature to enact." The act of 1890 confers the power upon water companies, after having obtained the consent of the proper authorities, to use the streets and highways for the distribution of water to the public. If Holland were an incorporated village, and the defendant had entered into a contract with the trustees to supply the village with water for fire or other purposes, the right of the defendant to use the streets with its pipes, without compensation to the owners of the fee, would not be questioned. The village being unincorporated, such a contract could not be made, but the necessities of the people for water are the same as they would be if the village were incorporated. Six hundred people have their homes in the village, and the evidence tends to show that many of them desire to avail themselves of the use of the water furnished by the defendant. That being so, is not the defendant furnishing water for the use of the public?

It was said by Mr. Justice HAIGHT, speaking for the court of appeals in the case of *Water Works Co.* v. *Bird*, 130 N. Y. 249, 258, 29 N. E. Rep. 246: "The question of public use is a judicial one, and must be determined by the court. It is unaffected by the agency employed, for it may be vested in private persons, who may be actuated solely by motives of private gain, if the use to be made thereof is for the benefit of the public. * * * It is doubtless true that, in order to make the use public, a duty must devolve upon the persons or corporation holding the property to furnish the public with the use intended. The term implies 'the use of many,' or 'by the public,' but it may be limited to the inhabitants of a small or restricted locality, and the use must be in common, and not a particular individual." It was decided in *Water Co.* v. *Forbes*, 62 Cal. 182, that the supplying of the inhabitants of a town with pure, fresh water is for a public use. To supply a city or town with water is a public purpose for a public benefit. *State* v. *Proprietors of Morris Aque-*

*duct*, 46 N. J. Law, 495, 499; *Gaslight Co.* v. *Richardson*, 63 Barb. 437. The use of water by each particular individual is private; but in a larger and broader sense, it may be said that the use of it by all or a large part of the residents in a populous village is for the public benefit.   It must be held, we think, that the laying of pipes for the supplying of water to cities and villages may be for a public use or purpose, even where no contract has been made with the municipality to supply it with the water.

Assuming, then, that the supply of this water was for a public use, did the laying of the pipes and the erection of the hydrant in front of plaintiff's premises constitute a taking of his property right in the soil, and amount to an additional burden upon the fee?   There are many authorities holding that such use of a street in incorporated villages does not impose an additional burden upon the fee.   This street in question must be held, we think, to be an urban street, and not an ordinary rural highway.   This case is distinguishable from the cases which hold that the appropriation of a rural highway for the conveying of water to another town or village, the inhabitants along the line of the pipes not being entitled to the use of the water, is imposing an additional burden, for that is the taking of one's property for the use of others, he having no right to the use thereof.   In the case at bar the plaintiff is entitled, in common with all the other inhabitants of the village, to the use of the water.   The health and comfort of the people are promoted by the use of wholesome, pure water.   The buildings and property of the village are to a great extent thereby protected from fires.   This street must be held, we think, to be subject to use for the purpose of supplying water to the inhabitants of the village, and that the placing the pipes in it by defendant did not impose an additional burden upon the fee.   Defendant, not having a contract with the authorities of a village to supply it with water, cannot exercise the right of eminent domain.   But its right to use the streets of this village for its pipes is based, not upon its right to condemn property, but upon the doctrine applicable to the use of urban streets for such purposes.   The plaintiff failed to make a case entitling him to a verdict.   The judgment and order appealed from should be affirmed.   All concur.