## ELLISON v. ALLEN et al.

(Supreme Court, Special Term, Monroe County.　October 10, 1894.)

1. MUNICIPAL CORPORATIONS—AUTHORITY TO CUT TREES IN THE STREET.
　　Laws 1894, c. 393, which gives the park commissioners of the city of Rochester power to cause trees in the streets to be removed whenever required for public convenience, does not authorize them to remove the trees arbitrarily.[1]

2. CONSTITUTIONAL LAW—JUDICIAL QUESTIONS.
　　The question as to whether a municipal board, in exercising the powers conferred on it by law, encroaches on private rights, is a judicial one.

Action by Mary Ellison against Anson C. Allen, the city of Rochester, and others, to enjoin defendants from cutting certain trees in the street in front of plaintiff's premises.　A temporary injunction was granted, and defendants move on affidavits to dissolve the same. Denied.

A. J. Rodenbeck, City Atty., for the motion
Jacob Spahn, opposed.

YEOMAN, J.　The plaintiff owns real estate upon East Main street, in the city of Rochester, which extends to the middle of the street.　There are on this street, between the sidewalk and curb, shade trees which have been growing there for 25 years and upwards.　The common council of the defendant the city of Rochester is about to change its method of lighting that street by electricity, and this change necessitates setting new poles to support the lamps, which will hang much lower than those at present in use.　The common council is, by the city charter (section 40, subd. 23), empowered to "provide for and regulate the lighting of streets and alleys and the protection and safety of public lamps."　It also has general charge of the streets of the city.　Charter, §§ 168–216.　Chapter 393 of the Laws of 1894 is as follows:

"In addition to the powers hereinbefore conferred, said park commissioners (of the city of Rochester) shall have the care, maintenance, and control of all the public parks and public squares within the city of Rochester, and shall have the power to plant, set out, protect and preserve shade trees in the streets, parks, squares, avenues and alleys of the said city, and to cause such trees to be removed, pruned and trimmed whenever required for their protection, or for public convenience and comfort, and no person, corporation, or any officer, department or agent of said city shall hereafter remove, trim, prune, cut down or in any way interfere with shade trees in the streets, parks, squares, avenues and alleys of said city, without first procuring a written consent from said park commissioners, or such officers or committee as may be designated by them."

These commissioners have taken action to remove said trees, in order that the light from those lamps may not be obstructed by them. This action is brought to restrain such removal, and the injunction in question restrains the same until judgment in the action.　These trees are a part of the real estate, and are the property of the plaintiff.　1 Rev. St. 525, §§ 126, 127; Village of Lancaster v. Richardson,

[1] See Chase v. City of Oshkosh, 81 Wis. 313, 51 N. W. 560.

4 Lans. 136; Highway Law, §§ 43, 44, 156 (Laws 1890, c. 568). But, like the soil, they are subject to the right which the public has to the use of this portion of the plaintiff's real estate for street purposes. Smith v. Washington City, 20 How. 146. The legislature can give to the common council of the city of Rochester, or to the park commissioners, authority to act for the public in the exercise of this right. Dill. Mun. Corp. §§ 683, 656, note; Id. 680, and note. All the rights in this land which are vested in the public are superior to the plaintiff's rights. There can be no question but that lighting the streets by electricity is a proper street use. Johnson v. Electric Co., 54 Hun, 469, 7 N. Y. Supp. 716; Witcher v. Waterworks Co., 66 Hun, 619, 20 N. Y. Supp. 560; Construction Co. v. Heffernan (Sup.) 12 N. Y. Supp. 336; Consumers' Gas & Electric Light Co. v. Congress Spring Co., 61 Hun, 133, 15 N. Y. Supp. 624. Consequently the plaintiff's rights in the property are subject to the public right to do those things upon the street which are fairly necessary or expedient for that purpose. "Whether the municipal corporation holds the fee of the street or not, the true doctrine is that the municipal authorities may, under the usual powers given to them, do all acts appropriate or incidental to the beneficial use of the street by the public, of which, when not done in an improper and negligent manner, the adjoining fee holder cannot complain." Dill. Mun. Corp. § 688. Upon the other hand, the agents of the public cannot arbitrarily do whatever they may choose between the street boundaries, to the prejudice of the owner. They cannot arbitrarily cut down those trees. The plaintiff is entitled to maintain them there, unless some proper street use requires their removal, or they are condemned for a public use, and paid for. State v. Mayor, etc. (N. J. Sup.) 28 Atl. 1039; Wellman v. Dickey, 78 Me. 29, 2 Atl. 133; Bills v. Belknap, 36 Iowa, 583; Everett v. City of Council Bluffs, 46 Iowa, 66.

The question is therefore presented, does this proposed use of the street make the removal of these trees fairly necessary or expedient? And the further question, who is to determine this question? When the legislature, or any subordinate body to which it has delegated that power, determines that a street shall be put to a further public use, that decision is a legislative act, and cannot be interfered with by the courts, unless it encroaches upon private rights without giving compensation; and the same is true as to the manner in which it is provided the use shall be enjoyed or preparation for it be made. The body is "in this respect endowed with legislative sovereignty. The exercise of that sovereignty has no limit, so long as it is within the objects and trusts for which the power is conferred. An ordinance regulating a street is a legislative act, entirely beyond the control of the judicial power of the state." Milhau v. Sharp, 17 Barb. 438. It is said by Judge Comstock, in Davis v. Mayor, etc., 14 N. Y. 531:

"We have nothing to do with the comparative advantages and disadvantages merely of the proposed change in the street. Those were considerations peculiarly addressed to the knowledge and judgment of the local government charged with the care of all the streets in the city. I should regard it as a

usurpation by courts of power which does not belong to them, if they undertake to control the municipal authority in this respect." Cooley, Const. Lim. 250–253; Macy v. City of Indianapolis, 17 Ind. 267; McCormack v. Patchen, 53 Mo. 33.

The question as to whether or not the action of the body does encroach upon private rights is a judicial one. It is, in this case, a question as to whether or not the defendants are attempting to take from the plaintiff more than the easement under which they claim covers; in other words, it is a question whether or not the destruction of those trees is reasonably necessary or expedient for the proper enjoyment by the public of this system of lighting the streets. If the plaintiff's claim is well founded, it is a proper subject for injunctive relief; the injury would be irreparable. Dill. Mun. Corp. § 663, note. The papers before me do not, in my judgment, establish that the destruction of these trees is so necessary or expedient as to give the municipal authorities the right to remove them. In fact the papers furnish very little legitimate evidence upon that subject. They do not state facts from which a court can form an independent judgment, but consist mainly of expressions of opinions which are made at variance. It is therefore right that the injunction should stand until the facts can be fully investigated upon the trial. It is perhaps proper to assume, as I have done in the foregoing statement, that the authorities in charge of lighting the streets desire the removal of those trees as a part of their plan of operation. This does not, however, appear from the papers, except by inference, if at all. It would seem rather that the park commissioners had been put in motion by citizens residing in the vicinity of the trees in question. The motion should be denied, with $10 costs.