The Southern Boulevard Railroad Company was organized under the act of 1884, (Chap. 252), as a street surface railroad company, to operate its franchises upon and along the surface of the Southern boulevard. It has instituted this proceeding to condemn the land of the defendant, by virtue of the provisions in the General Railroad Law and in the Code of Civil Procedure. The petition sets forth that the Southern boulevard was laid out as a public street in the city of New York under the provisions of chapter 290 of the Laws of 1867, entitled "An act to authorize the towns of Morrisania and West Farms to widen, make, extend and improve a highway in said towns, to be called the Southern boulevard." Section 24 of that act provided, in substance, that no rail or tramway should be constructed upon the boulevard, without a special act of the legislature first obtained; and that in case the legislature should, in the future, grant to any corporation the right to construct any rail or tramway, nothing in the act should be construed to affect the rights of landowners to recover the full value of the land taken, to the same extent as if the boulevard had never been laid out on said lands. Chapter 723 of the Laws of 1887 amended the section referred to; so as, in effect, to limit the prohibition *Page 355 
respecting the construction of any rail or tramway and to eliminate all that followed that prohibition in the section with respect to the rights of landowners, in case of a subsequent legislative grant of a franchise to any corporation; and substituted in lieu thereof a provision merely excepting from the prohibition a railroad company organized under the act of 1884. (Chap. 252.) The petition set forth the inability of the petitioner to acquire the defendant's real estate, for the reason that he claimed for the same the full value of the land to be occupied by the petitioner's tracks; whereas the petitioner desired to acquire an easement, or interest, in it at only a nominal value. Upon the presentation of the petition to the Supreme Court, at a Special Term thereof, the same was denied, "on the ground that said chapter 723 of the Laws of 1887 has been heretofore held to be unconstitutional and that the court has no power in the premises to authorize proceedings under the authority of said act."
This is evidently an effort on the part of the petitioner to secure a decision of this court upon the question of the constitutionality of the act of 1887, which the General Term of the first department had already passed upon (58 Hun, 497). The question is an interesting one, as we have hitherto had occasion to say in respect of it (143 N.Y. 258); but much as we should like to settle the doubts of counsel, with respect to the question, we cannot overlook the fact that no case is made out justifying us in an expression of our opinion.
It was error for the court below to hold that they had no power to grant the application of the petitioner. That power was conferred upon the Supreme Court by virtue of the provisions of the General Railroad Law and was not affected by the provisions of the act of 1887 referred to. It is very plain that those provisions only concern and affect the determination of the commissioners appointed upon such an application. Those commissioners when appointed by the Supreme Court, in proceedings for the condemnation of land, constitute the tribunal provided for by the Constitution, who shall determine both the law and the facts with respect *Page 356 
to the compensation to be awarded upon the taking of land. As it was said in the matter of this same petitioner, "they are judges of the law and the facts, so far as they relate to the compensation to be awarded." (143 N.Y. at p. 259.) Their determination, or report, is subject to review at a Special Term and at a General Term of the Supreme Court and it was intended that the question of compensation should be referred and confined to the action of the commissioners and of the Supreme Court. For the court below, therefore, to place its denial of the petitioner's application upon the ground of a want of power to authorize proceedings, because of the provisions of the act of 1887, was to misapprehend their effect and to make them relate, not to the question of the compensation which the commissioners were to pass and report upon, but to the authority of the Supreme Court to act upon a petition which institutes proceedings for the condemnation of real property. When such a petition is properly and duly presented to the court, the court is required, if no sufficient cause is shown in opposition, to make an order appointing commissioners for the purpose of ascertaining the compensation to be made to the property owner and when their report comes on to be confirmed by the court, then is the time for judicial action upon it, either in confirming it, or in setting it aside for irregularity, or for error of law in the proceedings, etc. Of course, the existence of the act of 1887 referred to is no cause for refusing the appointment of commissioners; for, as we have seen, its provisions are for the consideration of the tribunal to be constituted by the order of the court, or of the court itself, upon the coming in of the report.
It results from these views, that the order of the General Term affirming the order of the Special Term, which denied the application of the petitioner, should be reversed and the matter is remitted to the Supreme Court for further proceedings herein, without costs to either party.
All concur.
Ordered accordingly. *Page 357