(49 Misc. Rep. 565.)

## In re EAST CANADA CREEK ELECTRIC LIGHT & POWER CO.

(Supreme Court, Special Term, Herkimer County.   September 19, 1905.)

**1. EMINENT DOMAIN—EXERCISE OF POWER—ELECTRIC LIGHT COMPANY.**

Under the express provisions of Laws 1896, p. 404, c. 446, an electric light company, having a contract with a town for municipal lighting, has power to acquire by condemnation such real estate as may be necessary for the purposes of its incorporation.

**2. SAME—PUBLIC USE.**

Furnishing light to a municipality is a public use and benefit, with regard to which the power of eminent domain may be exercised, even by a private corporation.

**3. SAME—STATUTE—CONSTITUTIONALITY.**

Laws 1896, p. 404, c. 446, authorizing condemnation of property by electric light companies, etc., is constitutional.

Application by the East Canada Creek Electric Light & Power Company to acquire lands of Norman C. Loucks and others.   Application granted.

This is a proceeding to acquire certain lands of the defendants herein according to the provisions of the condemnation law.   The petitioner is an electric light and power company incorporated under the transportation laws of the state of New York, and has contracted for the lighting of certain villages and towns, some of which, on account of their subsequently increased population, require a larger amount of electricity for lighting their streets under their contract heretofore made with the plaintiff than the plaintiff is now able to furnish; hence, in order to comply with its lighting contracts, the petitioner proposes to develop a power on East Canada Creek. at Ingham's Mills, by building a large dam upon its lands, which action will result in the flooding of the lands of the defendant Loucks, and the plaintiff therefore seeks to acquire these lands by condemnation proceedings.   The right to condemn the lands of the defendant is claimed by the plaintiff under Laws 1896, p. 404, c. 446, § 1, which reads as follows: "Any electric light company in any town or village in this state, having a contract with any town or incorporated village for the lighting of the streets, parks, squares or public buildings in any town or village, shall have the right and is hereby vested with the power and authority to acquire such real estate as may be necessary for the purposes of its incorporation, or acquire the right of way through any property in the same manner as is now vested by law in water companies.   Such real estate or right of way to be acquired in the manner and form prescribed by the general condemnation law of this state."   It also appeared that the plaintiff furnished power to certain mills and factories during the day time.

Snyder, Christman & Earl, for plaintiffs.
Andrew J. Nellis, for defendant Loucks.

WRIGHT, J.   Under Laws 1896, p. 404, c. 446, plaintiff is given the right to acquire by condemnation proceedings the lands of defendant, since they are necessary for the purposes of its incorporation. Further, furnishing light to a municipality is a public use and benefit (Matter of Bloomfield and Rochester Nat. Gas Light Co. v. Richardson, 63 Barb. 437; Johnson T. H. Elec. Co., 54 Hun, 469, 7 N. Y. Supp. 716; C. G. Elec. L. Co. v. The Congress Sp. Co., 61 Hun, 133, 15 N. Y. Supp. 624; Palmer v. Larchmont El. Co., 158 N. Y. 231, 52 N. E. 1092, 43 L. R. A. 672) with regard to which the power of eminent domain may be exercised; and it is no objection that the plaintiff is a private corporation so long as the use or purpose to which the

property is to be devoted is public. See Matter of U. E. R. R. Co. of Brooklyn, 112 N. Y. 74, 19 N. E. 664, 2 L. R. A. 359; Matter of Burns, 155 N. Y. 27, 49 N. E. 246; Bloodgood v. Mohawk & Hudson River R. R. Co., 18 Wend. 9, 78, 31 Am. Dec. 313.

The act contemplates the taking of property for public use, and is constitutional. Buffalo & N. Y. City R. R. Co. v. Brainard, 9 N. Y. 100; Matter of Burns, supra.

Upon the papers presented, the plaintiff is entitled to the relief demanded in the petition, and a judgment may be prepared accordingly, in which the following named gentlemen may be appointed commissioners for the purpose of ascertaining and determining the compensation to be made to the owners for the property to be taken; viz.: Hon. Henry E. Turner, Lowville, Lewis county, N. Y., Hon. Charles J. Palmer, Little Falls, Herkimer county, N. Y., and Hon. E. J. Seeber, Adams, Jefferson county, N. Y. See Matter of the S. B. R. R. Co., 146 N. Y. 352, 40 N. E. 1000.