(53 Misc. Rep. 481)

### CRAFT v. LENT et al.

(Supreme Court, Trial Term, Westchester County. March 20, 1907.)

1. TOWNS — REMEDIES OF TAXPAYERS — GRANTING FRANCHISE — HIGHWAY COMMISSIONERS.

   Under Laws 1892, p. 620, c. 301, authorizing actions by taxpayers where the acts complained of are without authority, or where fraud is charged, an action will not lie to restrain the highway commissioners of a town from granting a franchise to a public lighting company, except on a public hearing to the highest bidder, no fraud being charged; and the act complained of the granting of the franchise to a company instead of selling it to a person who bid $1,000 for it, being within the discretion of the board.

2. EVIDENCE—PRESUMPTIONS—OFFICIAL ACTS.

   The presumption is that no public official acting under his oath of office will fail to do his duty.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 105.]

Action by George E. Craft against Orsamus B. Lent and others, under Laws 1892, p. 620, c. 301. Complaint dismissed.

Eugene B. Travis (H. R. Barrett, of counsel), for plaintiff.
Nathan P. Bushnell (Stephen Lent, of counsel), for defendants.

MORSCHAUSER, J. The plaintiff, a taxpayer of the town of Cortlandt, Westchester county, N. Y., commenced this action, pursuant to chapter 301, p. 620, of the Laws of 1892, amending chapter 531, p. 709, of the Laws of 1881, to restrain the defendants, the highway commissioners of the town of Cortlandt, from granting a franchise to any

person or corporation for the right to conduct a public lighting service upon all the highways in the town of Cortlandt, outside of the incorporated villages, except that the same shall be done upon a public hearing to the highest bidder, or to persons or corporations that shall offer to pay a consideration or the highest price for said public right and privilege.

The complaint sets forth the usual allegations that the plaintiff is a citizen and taxpayer, and that the defendants are highway commissioners in the said town, which town is a municipal corporation, and that it is the duty of the highway commissioners to represent the town and protect the town in its rights and interests, and also that a corporation known as the "Oakland Electric Light & Gas Company" filed an application for a franchise to furnish electric light and heat in the said town, and that after the application was made and notice was published in the newspapers, and at the hearing one John V. Alexander objected and protested against the granting of the franchise, and that he (Alexander) was willing to pay $1,000 therefor; and it is further alleged that, notwithstanding the offer of the said Alexander, and ignoring and disregarding the protest of said Alexander, the said highway commissioners made and resolved to grant the application for the franchise to the said Oakland Electric Light & Gas Company. The plaintiff also alleges that the town of Cortlandt is one of the wealthiest towns in Westchester county, and that the giving away of the franchise without a consideration was a great injury to the taxpayers. The plaintiff also alleges that the Oakland Electric Light & Gas Company is a corporation, capitalized to the extent of $50,000; that its only corporation property consists of a small parcel of land having a small water power in the town of Cortlandt; that it has an insufficient plant to operate a public service corporation; and that it was assessed upon the tax roll at $3,000. With the admission of the formal allegations of incorporation, and the acts of the highway commissioners at their meeting, the answer of the defendants puts in issue several of the allegations contained in the complaint. The answer also contains several alleged defenses. I have grave doubts as to whether the complaint contains facts sufficient to constitute a cause of action.

There is no fraud or corruption charged against the defendants, nor is there alleged sufficient acts of bad faith amounting to a fraud. Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 54 N. E. 1081; Barhite v. Home Telephone Co., 50 App. Div. 25, 63 N. Y. Supp. 659. The provisions of the statute (Code Civ. Proc. § 1925, and chapter 301, p. 620, Laws 1892) only authorize actions by taxpayers where the acts complained of are without power, or where corruption, fraud, or bad faith amounting to fraud is charged. Adamson v. Nassau Elec. R. R. Co., 89 Hun, 261, 34 N. Y. Supp. 1073; Talcott v. City of Buffalo, 125 N. Y. 281, 26 N. E. 263; Erie R. R. Co. v. City of Buffalo, 89 N. Y. Supp. 122, 96 App. Div. 458; Ziegler v. Chapin, 126 N. Y. 349, 27 N. E. 471; Weston v. City of Syracuse, 158 N. Y. 274, 53 N. E. 12, 43 L. R. A. 678, 70 Am. St. Rep. 472; Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 54 N. E. 1081. Upon the trial it was not proven that the defendants were guilty of fraud or collusion, or committed

any overt or unlawful acts. The only claim made by plaintiff was that the acts of the defendants were of such bad faith as to amount to a fraud. The proof presented on the trial was that the board, at a meeting, was about to grant a franchise to a corporation, when one Alexander offered to pay $1,000 for such franchise, and I have no doubt the offer so made was in good faith; at least a good tender was made. The defendants did not see fit to accept the offer of the said Alexander, and this action was commenced. The court is asked to say to the highway commissioners that they were wrong in not accepting the amount so offered. It may be that the defendants are making a mistake, and it may be an error of judgment on their part to refuse to accept money for a franchise where they are about to grant a franchise to a corporation without receiving any compensation for the town. Still, the board has this discretion, and I do not think that a court has a right to interfere in such discretion, if honestly exercised. It may be that the acceptance of the $1,000 for the franchise would in the end prove an injury instead of a benefit to the town. It may also be that it would be of greater advantage to the town to award the franchise to a corporation without any compensation than to one who is willing to pay therefor. These are all matters for the board, to determine in the exercise of sound discretion. If there were any corruption or fraud or acts of bad faith amounting to a fraud proven upon the trial, the court might well interfere to grant the relief prayed for; but such proof has not been shown. The defendants are, by statute, the sole persons to determine the question of the granting of a franchise, and their decision, in the absence of proof of fraud, cannot be interfered with by the courts. Ellision v. Allen (Sup.) 30 N. Y. Supp. 442; 2 High on Injunctions, § 1511.

Mr. Justice Comstock, in Davis v. Mayor, 14 N. Y. 532, 67 Am. Dec. 186, in the matter involving the discretion vested in a local body of a similar nature, says:

"Courts are certainly not wiser on this subject than the common council, and unfortunately for their right to interfere, the supreme law-making power of the state has vested in the council, and not in them, the power to regulate and control the streets of the city."

In the case of Barhite v. Home Telephone Company, 50 App. Div. 28, 63 N. Y. Supp. 659, Mr. Justice Springs says:

"The common council of the city is its legislative body, and within its sphere of action its legislative cognizance is supreme and cannot be fettered or obstructed by judicial interference"—citing Kittinger v. Buffalo Traction Co., 160 N. Y. 377, 54 N. E. 1081; People ex rel. Sturgis v. Fallon, 152 N. Y. 1, 11, 46 N. E. 302, 37 L. R. A. 419.

The presumption is that no official person, acting under oath of office, will do aught against his official duty, or will omit to do aught which his official duty requires to be done. Mandeville v. Reynolds, 68 N. Y. 528.

"If courts, even in a case of palpable fraud, possess the power to interfere and restrict a body executing its legislative authority within its prescribed compass, that power will be exercised only in an extraordinary case, and when public policy imperatively requires it. If the courts, on every general charge of fraudulent, collusive conduct against the members of a municipal body with

delegated legislative power, should intervene to restrain the execution of its normal duties thus delegated, the clashing between the two co-ordinate branches would be fraught with immeasureable harm. The policy of our Constitution is to keep these two branches distinct—each to be supreme in its own domain—and transgression upon the province of the one would invite a like trespass upon the other until the barriers separating the two would be wholly removed." Barhite v. Home Telephone Co., 50 App. Div. 29, 63 N. Y. Supp. 659.

"The Legislature could not have intended that the courts should supply intelligence and prudence to incapable officials at the demand of taxpayers, but manifestly did intend to give the latter protection against the dishonesty or fraud of the municipal agent." Ziegler v. Chapin, 126 N. Y. 349, 27 N. E. 471.

"Restraints on the legislative power of control must be found in the Constitution of the state, or they must rest alone in the legislative discretion. If the legislative action in these cases operates injuriously to the municipalities or to individuals, the remedy is not with the courts. The courts have no power to interfere, and the people must be looked to, to right through the ballot box all these wrongs." Cooley on Constitutional Limitations (6th Ed.) 229.

It will be observed by examining the foregoing authorities that the courts have no right to interfere with municipal bodies, when the discretion of such municipal bodies is to be exercised, and when no fraud or corruption, or bad faith amounting to a fraud, has been charged, or proven. In view of the public feeling now existing in this locality, the defendants may well exercise their discretion with caution and deliberation, and after a public hearing has been given to taxpayers and citizens. Because the defendants are public officials, the public has a right to demand and expect from them the exercise of their best judgment after mature deliberation.

The complaint is dismissed. No costs.