## FARLEY v. CITY OF LOCKPORT et al.

(Supreme Court, Special Term, Niagara County.  December 12, 1908.)

1. MUNICIPAL CORPORATIONS (§ 1020*) — ACTIONS — CONDITIONS PRECEDENT — PRESENTATION OF VERIFIED CLAIMS.
   The charter provision requiring all claims against a municipal corporation to be verified and in writing is mandatory upon the claimant, and he cannot bring an action thereon without verifying it as required.
   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1020.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 1007*)—CLAIMS—VERIFICATION—WAIVER.

A city may waive compliance with a charter provision requiring claims against the city to be in writing and verified, and may investigate a claim, though not verified, but the verified statement must be filed before the payment is made.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1007.*]

3. MUNICIPAL CORPORATIONS (§ 993*) — TAXATION — REMEDIES OF TAXPAYER— RESTRAINING ACTION OF OFFICER—ILLEGAL ACTS.

The provision of the act for the protection of taxpayers (Laws 1881, p. 709, c. 531, as amended by Laws 1892, p. 620, c. 301), permitting an action by a taxpayer to prevent any illegal official act, was not intended to authorize the restraint of every wrongful action, irrespective of whether it involved a waste of public property or a violation of the rights of the public, its purpose being to prevent usurpation of power by public officials from which public injury might result, and taxpayers may enjoin only such acts as are without the power of the officers or when fraud or bad faith amounting to fraud is charged, and the disregard of legal formalities by the common council of the city in enacting a resolution will not necessarily render it illegal within the meaning of the statute.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2158–2161; Dec. Dig. § 993.*]

Action by Theodore J. Farley against the City of Lockport and others to enjoin an alleged illegal act of the city officers. Motion to vacate injunction granted.

F. J. Smith, for plaintiff.
C. P. Baker and A. T. Hopkins, for defendants.

MARCUS, J. The charter provision as to submitting a verified claim in writing may be waived by the common council in so far as requiring the presentation of a claim before any investigation or action may be taken thereon. The provision is mandatory upon a claimant, and has for one of its purposes the design of holding a claimant to an honest statement of his claim to be made under oath, subjecting him therefore to a charge of presenting a false claim. A claimant could not proceed at law until such a claim was filed in accordance with the direction of the charter, but the common council may, for any reason sufficient to itself, waive such formality, and proceed to investigate and determine a claim brought to its attention in a way other than by a verified statement. The verified statement must indeed be filed before a payment is made, and the filing of a verified claim as condition precedent to payment in this case disposes of any question of lack of good faith or irregularity. The law is not designed to further a taxpayer's action when merely a failure to follow formality in procedure has been disregarded, but rather when the act itself is illegal or wrongful. The taxpayers' act (Laws 1881, p. 709, c. 531, as amended by Laws 1892, p. 620, c. 301) was not designed or intended to draw into the preventive jurisdiction in equity, at the instance of any taxpayer, every wrongful official action, irrespective of the fact whether the act sought to be restrained involves a waste of public property or a violation of public rights, or any injury to the interests of taxpayers as such. Its purpose is to prevent usurpation of powers

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by public officials from which public injury might result, and to restrain illegal acts threatened which would produce public mischief. Rogers v. O'Brien, 153 N. Y. 362, 47 N. E. 456.

If the act sought to be enjoined is within the general scope of the powers conferred upon the common council, the act done may not be "illegal" within the sense of the statute, although done in an irregular manner, and not in strict accordance with the particular mode, method, or manner prescribed by the charter. A mere disregard of legal formalities or orderly mode of procedure prescribed may not necessarily render a resolution "illegal." It is not every departure from the regular mode prescribed in the charter that will render the whole procedure of the common council "illegal" or void. The statute only authorizes actions by taxpayers when the acts complained of are without power, or when corruption, fraud, or bad faith amounting to fraud is charged (Craft v. Lent, 53 Misc. Rep. 483, 103 N. Y. Supp. 366), and it is held that an injunction pendente lite should not issue in a taxpayer's suit to annul a city contract unless it clearly appears that upon the law and the facts the official action complained of is illegal. Stockton v. City of Buffalo, 108 App. Div. 171, 174, 95 N. Y. Supp. 509.

Motion to vacate injunction granted.