The New York Central Railroad Company, Plaintiff, *v.* Middleport Gas and Electric Light Company, Defendant.

Fourth Department, July 6, 1920.

**Gas and electricity — right of electric lighting corporation to string wires over roadbed of railroad corporation at intersection with highway — wires strung on poles not placed on railroad property — constitutional law — power of Legislature to alter or suspend charter of corporation — delegation of such power to municipal corporation.**

Where a corporation organized to furnish electricity to a town and its inhabitants and to the inhabitants of an incorporated village therein has, for the purpose of supporting its wires and pursuant to municipal authority with the approval of the Public Service Commission, erected poles on a public highway which crosses the right of way of a railroad, and the poles supporting the wires are not placed upon the railroad's right of way and the wires are of such a height as in no wise to interfere with the operation of the railroad, the corporation cannot be compelled to remove said wires upon the theory that the construction was without the consent of the railroad and without the payment of compensation to it.

The railroad company has no greater rights and privileges than those granted by its charter and in granting the same the Legislature did not relinquish its reserved constitutional power to alter or suspend the charter.

The granting of the franchise by the muncipal authorities to string the wires and the approval thereof by the Public Service Commission was in effect an exercise of one of the reserved powers of the Legislature, which may delegate such powers as to the control of highways to municipalities whose act then becomes that of the Legislature.

The maintenance of such wires will not be restrained, although the corporation is only furnishing power and light to individuals in said municipalities, as the lighting of the highway in question is contemplated, and such use is one of the purposes for which the company was organized.

Submission of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Maurice C. Spratt* [*Howard R. Sturtevant* of counsel], for the plaintiff.

*Strebel, Corey, Tubbs & Beals* [*Paul P. Cohen* with them on the brief; *Warren Tubbs* of counsel], for the defendant.

Clark, J.:

This action was submitted on an agreed statement of facts in pursuance of sections 1279 and 1280 of the Code of Civil Procedure.

Plaintiff is a domestic railroad corporation organized under the laws of this State, and defendant is a domestic corporation organized under and by virtue of the Transportation Corporations Law. Defendant is organized for the purpose of manufacturing, selling, transmitting, supplying and using electricity for light, heat and power, and for lighting streets, public parks and places, and public and private buildings in certain towns and villages in the State of New York, and particularly in the town of Royalton and the village of Middleport, where its office and principal place of business are located.

The town of Royalton is a municipal corporation subject to the provisions of the Town Law, and the village of Middleport is a municipal corporation subject to the provisions of the Village Law.

Plaintiff owns and operates a steam railroad passing through the town of Royalton in an easterly and westerly direction, and at a point in said town its railroad intersects a north

and south highway known as the "Hines road." At the point of intersection the railroad right of way is four rods wide, and the "Hines road" is also four rods in width at that point. The plaintiff's right of way was acquired in 1851. The portion lying on one side of the center line of the highway was acquired by purchase, and that lying on the other side of the center line of the highway was acquired by condemnation proceedings, said lands being acquired by plaintiff's predecessor in title, and plaintiff has succeeded to those rights and property, and since 1851 plaintiff or its predecessors have been in possession of the parcels of land thus acquired, operating the railroad over them, subject to the existence of the "Hines road" at the point of intersection.

On April 21, 1910, the municipal authorities of the town of Royalton granted to defendant a franchise to lay, erect and construct suitable wires, poles, pipes or other fixtures in the public streets of said town for the conducting and distributing of electricity, and December 1, 1910, the Public Service Commission, Second District, duly approved of said franchise, and defendant thereupon proceeded to construct its electric transmission line along certain highways in the town of Royalton for conducting and distributing electricity. It constructed a 2,300-volt transmission line consisting of three wires supported by poles, along the westerly side of the "Hines road" in said town of Royalton, and between the westerly side of said road and the center line thereof. The said transmission line crossed over plaintiff's right of way within the limits of said highway. This construction was without plaintiff's consent, and without paying or offering to pay plaintiff any compensation therefor.

None of the poles or other structures supporting defendant's wires are erected within the boundaries of plaintiff's right of way at the point in question, and the wires are suspended in the highway over plaintiff's right of way thirty feet above the rails. Defendant's said transmission line is maintained and used in connection with conducting electricity from its central source of supply in the village of Middleport westerly and southerly in order that it may be distributed to its customers in the town of Royalton, who reside south of plaintiff's railroad, and who take electricity for lighting their houses,

the operation of small motors, and other domestic and commercial purposes, but these three wires as now strung over plaintiff's right of way at the " Hines road " crossing, are not at present used by defendant to transmit electricity for lighting public streets, highways, parks or other public places, but such street lighting and lighting public parks and places are among the objects and purposes for which the defendant was incorporated.

The question to be determined here is whether or not plaintiff is entitled to judgment that possession of the premises in the town of Royalton, fully described in the submission, and at a point where the plaintiff's right of way and the " Hines road " intersect, be delivered to plaintiff, and that defendant's wires be removed, or whether defendant is entitled to judgment denying to plaintiff the relief it demands in this action.

It is conceded that none of the poles on which defendant's transmission line is suspended are on plaintiff's right of way, and that the wires are thirty feet above plaintiff's rails, so no part of defendant's line interferes in the slightest degree with plaintiff's operation of its railroad.

Plaintiff relies on the case of *Post* v. *Suffolk Light, Heat & Power Company* (77 Misc. Rep. 369), which holds that when the title to the fee of a public highway is in an abutting owner, he can maintain an action against an electric light company to restrain the use of the highway for purposes inconsistent with uses to which the streets are subjected.

That action was brought by individual abutting owners, and we think a different rule applies where the abutting owner is a railroad corporation, holding its property for a particular purpose. In the *Post* case the poles were in the highway, but on lands owned by plaintiffs, subject to its use for highway purposes. In the case at bar none of the poles are on plaintiff's right of way. Plaintiff holds the property in question for the maintenance, construction and accommodation of its railroad. It has no greater rights and privileges than those granted by its charter. In granting the charter the Legislature did not relinquish its reserved powers to alter or suspend it. (Const. art. 8, § 1; Gen. Corp. Law, § 320.)

In other words, the charter granted to a railroad is subject

to regulation by the Legislature which granted it. It has long been the law in this State that railroads might be required without compensation to allow streets and highways to be laid out and used by the public across the railroad tracks. (*Albany Northern R. R. Co.* v. *Brownell,* 24 N. Y. 345; *Boston & Albany R. R. Co.* v. *Greenbush,* 52 id. 510.)

The title of the plaintiff to the land in question is limited to the public use of operating a railroad. The use of the highway by defendant for its transmission line, under the franchise granted to it by the municipal authorities, and approved by the Public Service Commission, in no way interferes with plaintiff's operation of its railroad. Its property is not taken away or interfered with to its detriment. It still has the full use of its railroad right of way for all the purposes of operating its road, and that is the purpose for which it was acquired from the original owners.

The granting of the franchise to defendant by the municipal authorities was merely exercising one of the reserved powers of the Legislature. The State has full authority and power over the public highways in the Commonwealth. It can delegate its reserved powers as to the control of the highways to municipal authorities who act for and represent it.

In granting the franchise to defendant the municipal authorities merely performed a legislative act in place of the Legislature itself. (*Consumers' Gas Co.* v. *Congress Spring Co.,* 61 Hun, 133; *Mayor, etc.,* v. *Third Ave. R. R. Co.,* 16 N. Y. St. Repr. 122; *Palmer* v. *Larchmont Electric Co.,* 158 N. Y. 231.)

While it may be conceded that the placing of electric poles and wires in a highway imposes on it an additional burden, still a railroad company when its business is not interfered with by the erection of such poles and wires, is not in a position to complain, and it must yield to the convenience of the public in the matter of a franchise granted by the municipal authorities to an electric light company, so that it can supply its customers lying on the side of the railroad opposite where its principal plant is situated, and where it generates its power, to the end that streets can be lighted if and when desired, and the people have the advantage of electricity for their streets and homes, and for commercial and business purposes.

While it does not appear that at the present time defendant is supplying electricity to light the " Hines road," still it is fair to assume that such use is contemplated, as that is one of the purposes for which it was organized. Street and highway lighting is an aid to the public in traveling upon the highways in the night time, and when so used it would be strictly for a street purpose. (*Osborne* v. *Auburn Tel. Co.*, 189 N. Y. 396.)

The plaintiff obtained its charter from the Legislature, but subject to legislative regulation and control. The Legislature exercising one of its reserved powers, acting through the municipal authorities, granted a franchise to defendant to construct its transmission line over a public highway, and that authority has been approved by the Public Service Commission, and acting under that franchise in the construction of its lines it took no property from plaintiff, and in no way interfered with its business. The public will be convenienced by the continuance of defendant's electric line, and plaintiff will in no way be damaged or restricted in the use of its property. It stands in a different position from an individual abutting property owner who owns the fee of the highway subject only to the easement of the public to use it for traveling purposes.

Plaintiff holds its property for a particular purpose, the operation of its railroad. That operation not being interfered with by defendant operating under its franchise, it must be held that plaintiff's rights at the point in question are not exclusive, and, therefore, it cannot restrain defendant from the use of the highway at the point in question acting under the franchise granted to it by the municipal authorities.

It is our conclusion that under the conceded facts defendant is entitled to judgment refusing the relief demanded by plaintiff, but in view of the terms of the submission, it will be without costs.

All concur.

Judgment directed for the defendant upon the submission, without costs.