Edward G. Baker, J.
Plaintiff, the owner in fee of land and premises located at the northeast corner of Dewey Avenue and Giffords Lane in the County of Richmond, moves for .severance of, and summary judgment upon, that part of the first cause of action stated in the complaint which alleges a cause in ejectment.
Plaintiff seeks to compel removal from land allegedly owned by him of a pole owned jointly by New York Telephone Company and the defendant. The pole, which has been in its present location since 1926, supports wires owned by defendant which are strung to poles located on the easterly side of Giffords Lane to the north and south. These wires supply current for street lighting purposes. They also supply current to a large number of defendant’s private customers.
In 1926 the City of New York widened and paved Giffords Lane and installed a curb and sidewalk. In that year, by direction of the city, the pole in question and others in the line of poles on the same side of the street were moved and placed in their present location where they have ever since remained.
It is plaintiff’s contention that the pole and the wires supported by it are on his land, that they were placed there, more than 35 years ago, over the objection of his predecessor in title ; and that, upon his discovering the fact, he demanded that they be removed.
Plaintiff, in support of his contention, submits a survey of his property purporting to show .the westerly record line thereof, the existing curb line, and the proposed widened line of Giffords Lane as adopted by the City of New York March 12, 1959, together with an affidavit of the surveyor which states that he is a duly licensed land surveyor and that he made and prepared the survey referred to. This survey indicates that the pole in question is located approximately 2.35 feet to the east of the record line of plaintiff’s land and that the curb is also on his land. The proposed widened line of the street is shown to be approximately 8 feet to the east of said record line and apparently includes the sidewalk area or a part thereof.
*429 There are, however, questions of fact which can be resolved only upon a trial and which require denial of the relief here sought. Among these is the question of the exact location of the westerly boundary of plaintiff’s land and the question of the location of the easterly and westerly lines of Giffords Lane as dedicated and in use for many years prior to the date of the physical widening hereinabove mentioned. It cannot be said, at this stage of the action that plaintiff’s proof is conclusive upon these questions.
Map No. 1428, on file in the Topographical Bureau of the Borough of Richmond entitled “ Plan for constructing concrete curbs with steel guard, * * * and concrete sidewalks ’ ’ on
certain streets including Giffords Lane from Dewey Avenue to a point to the north of plaintiff’s premises, shows the width of Giffords Lane from curb to curb, at the point where the pole is located, to be 30 feet. This map indicates that plaintiff’s property line is approximately 7 feet east of the curb. The improvement was accomplished, and the then owners of plaintiff’s property were assessed for it in July, 1926. Since that date there has been no physical change in the curb and street lines, nor in the location of the pole which was then and still is located between the curb and plaintiff’s property line as shown on said map.
There is annexed to .the affidavit of Roche, submitted in defendant’s behalf, an opinion of the Corporation Counsel dated December 10, 1923 to the effect that Giffords Lane is a public street and is shown on the “maps of the Borough survey at various widths varying from 33 to 40 feet”. Defendant also submits an affidavit of a professional engineer and surveyor in which the affiant states, in substance, that Giffords Lane has been a public road since the year 1709, and that a description of the road as set forth in the “ Court and Road Records of Richmond County filed 1680-1760, page 112” indicates that it was 49% feet in width. The issue as to the width of Giffords Lane and the exact location of the easterly and westerly boundaries thereof, and the question whether the pole is within the street area or on the plaintiff’s land, may not be summarily disposed of.
Assuming, however, the accuracy of plaintiff’s contention with respect to the position of the pole in relation to the westerly boundary of his land, this fact alone would not entitle him to the relief sought herein. The road, to the extent of its present width including the sidewalk area, has been open and in use as a public way for more than 35 years. Throughout that period of time, it has been maintained by the City of New York which, *430 in accordance with its right and obligation, provided for the lighting of the street by contract with the defendant. Thus there is posed the question whether the city has acquired, with respect to the area in dispute, a prescriptive right to its use for street and highway purposes (see De Haan v. Broad Hollow Estates, 3 A D 2d 848), and whether there was the concomitant right to provide for street lighting and the installation within the disputed area of poles and equipment essential for that purpose.
Palmer v. Larchmont Elec. Co. (158 N. Y. 231) was an action in ejectment brought by plaintiff to compel defendant to remove its poles and wires from the street in front of his premises. Plaintiff’s title extended to the center of the highway, subject to the easement of the public therein. The defendant had a contract with the Town of Mamaroneck to supply street lighting. Its line and poles had been constructed pursuant to its franchise and contract with the city. In reversing a judgment of the Appellate Division which had affirmed a judgment in plaintiff’s favor entered upon a decision of the trial court at Special Term, the court wrote (Haight, J.), at page 234: “ The care, management and control of the public ways devolve upon the local municipal government in which they are located, and it is the duty of the local government to maintain them in such condition that the public, by the exercise of due care, may pass over them in safety. In the darkness of the night, in crowded thoroughfares, light is an important aid, largely tending to promote the convenience, as well as the safety, of the traveling public. It is not only one of the uses to which the public ways may be devoted, but in the ease of crowded thoroughfares a duty devolves upon the municipality of supplying it. In such cases it is one of the burdens upon the fee which must be borne as an incident to the public right of traveling over the way, and is deemed one of the uses for which the land was taken as a public highway. (Johnson v. Thomson-Houston El. Co., 54 Hun, 469; Consumers’ Gas & El. L. Co. v. Congress Spring Co., 61 Hun, 133; Witcher v. Holland Water Works Co., 66 Hun, 619; S. C. affirmed, 142 N. Y. 626; Hequembourg v. City of Dunkirk, 49 Hun, 550; Sun Pub. Assn. v. Mayor, etc., 152 N. Y. 257, 265; Van Brunt v. Town of Flatbush, 128 N. Y. 50, 56.) ” And at page 238: “ The authorities of his town having determined the necessity for the light and contracted with the defendant to furnish it, and the light being for a street purpose, we think no burden is placed upon the fee that was not within the implied contemplation of the parties at the time the land was taken and dedicated to highway purposes.”
*431 In the case cited, the city’s easement for street purposes apparently had been acquired by grant. But the existence of an easement, not the manner of its acquisition, is the controlling factor; and if the city acquired and has prescriptive right in the disputed area, the cited case is in point. The motion is denied.