Thomas H. Wellman vs. John Dickey.

Waldo.  Opinion December 19, 1885.

*Deeds.  Highway surveyors.  Shade trees.  Trespass.  Damages.*

A deed containing the words "Excepting the roads laid out over said land," conveys the fee within the limits of the road, subject to the easement of the public incident to the uses of the way.

Highway surveyors may lawfully dig outside the limits of the road for materials suited for the making or repair of ways, only upon land that is unenclosed and uncultivated.

The owner of land upon a public way may lawfully plant ornamental or shade trees within the limits of the way, if the public use is not thereby obstructed or endangered.

Trees so planted are a public benefit, and can not be destroyed without the call of public necessity.

Highway surveyors, who destroy such trees without reason or necessity, are trespassers, and if the act is wanton, they are liable for exemplary damages.

On exceptions.

The case is stated in the opinion.

*William H. Fogler*, for the plaintiff, cited : *Moore* v. *Moore*, 21 Maine, 354 ; *Hunt* v. *Rich*, 38 Maine, 195 ; *Look* v. *Norton*, 55 Maine, 103 ; R. S., c. 18, § 95 ; *Whittier* v. *McIntyre*, 59 Maine, 144 ; *Stetson* v. *Bangor*, 73 Maine, 359 ; *Cutter* v. *Cambridge*, 6 Allen, 20 ; *Winslow* v. *Nayson*, 113 Mass. 411.

*Knowlton and Knowlton*, for the defendant, cited : *Little* v. *Palister*, 3 Maine, 6 ; *Starr* v. *Jackson*, 11 Mass. 519 ; R. S., c. 18, §§ 76, 50 ; *Cyr* v. *Dufour*, 68 Maine, 492.

The grantors in the plaintiff's deed did not convey the land where the road was laid out twenty years before the date of the deed.  The general boundaries are given conveying the whole tract "except" a part of said premises.  That excepted part was not conveyed.  The plaintiff has no title to the excepted land. *Inhabitants of Winthrop* v. *Fairbanks*, 41 Maine, 307 ; *Bassy* v. *Grant*, 20 Maine, 281 ; *Winthrop* v. *Fairbanks*, 41 Maine, 307 ; *State* v. *Wilson*, 42 Maine, 9 ; *Brown* v. *Allen*, 43 Maine, 590.

HASKELL, J. Trespass *q. c.* for the cutting down of twenty ornamental trees. The defendant attempts to justify by the lawful performance of duty as highway surveyor.

The plaintiff, in 1859, entered into possession of a lot of land, lying " southwardly " of a highway, under an agreement to purchase, and hitherto has held possession thereof, and received a deed of the same, October 14, 1863. He planted and nurtured a row of shade trees across his land, along the highway. The jury found that some of the trees stood without the limits of the highway, and assessed damages.

The words of grant in the plaintiff's deed conveyed the land to the centre of the highway ; but following the description, it contained the words, " excepting the roads laid out over said land. " To the instruction, that the deed conveyed the locus to the centre of the road, the defendant has exception.

Such construction should be given to a deed, that each part, phrase and word, may have force and effect, that the intention of the parties, if by law it may, shall prevail ; and exceptions from the grant must be construed, in cases of doubt, most strongly against the grantor. *Worthington et al. ex'rs.* v. *Hylyer et als.* 4 Mass. 196 ; *Wyman* v. *Farrar*, 35 Maine, 64.

The intention of the parties to this deed undoubtedly was, that the plaintiff should take the title to the center of the way, but that the easement of the public, incident to the uses of a public way, should be excepted from the grant, otherwise the locus would naturally have been bounded by the line of the road. Moreover, the exception in terms is of something laid out *over* the land, not of the land itself. This construction has been repeatedly adjudged. *Khun et als.* v. *Farnsworth*, 69 Maine, 404 ; *Tuttle* v. *Walker*, 46 Maine, 280 ; *Moulton* v. *Trafton*, 64 Maine, 218 ; *Leavitt* v. *Towle*, 8 N. H. 96 ; *Richardson* v. *Palmer*, 38 N. H. 212 ; *Jamaica Pond Acqueduct Corporation* v. *Chandler et als.* 9 Allen, 159.

The presiding justice instructed the jury, that, if the defendant dug outside the limits of the road upon the locus, where " it was cultivated for the crop of grass only, with trees planted upon it, " he would not be protected by R. S., c. 18, sec. 65. To this instruction the defendant has exception.

That statute authorizes the surveyor to dig for materials, suited for the making, or repair of ways, in land not inclosed, or planted, and if the same are taken from land without the limits of the way, then at the charge of the town. The statute contemplates, that only unenclosed and uncultivated land shall be subjected to the will of the surveyor in such behalf. If the land is seeded, or in any way prepared and used for tillage, or for the production of crops, or trees, useful or ornamental, the surveyor must not dig upon it; such land is " planted, " that is, subjected to the uses of husbandry, reclaimed from a state of nature, so that it has become " tillage or mowing land, " the same as " corn or meadow. " *Barrows* v. *McDermott*, 73 Maine, 441.

The presiding justice instructed the jury, that, if from all the circumstances surrounding the case, the action of the surveyor, in removing the trees planted within the limits of the road, " was reasonable, and not corrupt, or oppressive, " he would not be liable in trespass for the act. To this instruction the defendant has exception.

Public officers should act faithfully, discreetly and prudently, with honest purpose, and without corrupt motive ; when they act unreasonably, indiscreetly and without honest purpose, and with intent to oppress and injure, they do not have the protection of law ; they are violators of it, and become amenable to its salutary provisions that afford redress to the injured party.

The plaintiff had planted a row of shade trees along the line of the road, some within and others without the road limits. This he had a lawful right to do, if the public use is not thereby obstructed or endangered. The statute R. S., c. 3, sec. 59, VI, encouraged this method of beautifying and adorning public thoroughfares. Trees so planted are a public benefit and ought to receive public approval, if not official care. They cannot be lawfully destroyed without the call of public necessity, R. S., c. 127, sec. 9. Highway surveyors should protect and guard them, and not wantonly uproot and destroy them, without reason, or necessity, as the jury found was done in this case, which is clearly of that class wherein exemplary damages may be awarded,

if the jury are of the opinion that such salutary relief ought to be given. The remaining exceptions are immaterial.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.