THOMAS H. WELLMAN *vs.* FRED CHURCHILL.

Waldo.     Opinion December 1, 1898.

*Deed.     Reservation.     Road.     Easement.*

A deed of warranty conveyed a parcel of land by metes and bounds, "with the reservation of a road two rods wide over the northerly side of said lot." *Held ;* that the words of reservation in the deed excepted from the grant the easement only, and that the fee in the soil passed to the grantee.

ON REPORT.

Action of trespass q. c.

The case appears in the opinion.

*R. F. Dunton,* for plaintiff.

*W. P. Thompson,* for defendant.

The road mentioned in the reservation, in plaintiff's deed, being in existence at the time, did not pass to the plaintiff by the conveyance to him by Aaron Edgecomb, and the plaintiff acquired no title thereto except for purposes of travel beyond the centre thereof from that side of the same next to his land.     *Winthrop* v. *Fairbanks*, 41 Maine, 307; *White* v. *Crawford*, 10 Mass. 183; *Mendell* v. *Delano*, 7 Met. 176; *Bowen* v. *Conner*, 6 Cush. 132.

The plaintiff not being in possession of the locus must show title in himself to recover, whether the defendant has any right or title therein or not.     *Derby* v. *Jones*, 27 Maine, 357.

The court will look to the intention of the parties in conveyances in giving construction to exceptions and reservations in deeds.     In *Kuhn* v. *Farnsworth*, 69 Maine, 404, the road excluded ran through the land conveyed, leaving parts of the land conveyed on either side of the piece reserved.     Also in *Day* v. *Philbrook*, 85 Maine, 90.     In *Wellman* v. *Dickey*, 78 Maine, 30, the court say that the exception in terms is of something laid out over the land, not of the land itself, and carries the land.     This road is a two-rod strip on the extreme southerly side of the land claimed by the plaintiff.     The plaintiff in *Wellman* v. *Dickey*, is the same person

as the plaintiff in the case at bar, and the road mentioned is the same road. The court in the opinion say that the plaintiff's deed bounds him by the centre of the road. It is evident that the intention of the parties to the deed from Edgecomb to Wellman was to exclude the road from the conveyance, and being excluded plaintiff is bounded by the centre of the road.

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, WISWELL, SAVAGE, FOGLER, JJ.

FOGLER, J. Trespass quare clausum for cutting down and carrying away certain trees standing within the limits of a certain road in the town of Belmont, known as Dickey's Mills road, and on the northerly side thereof. The defendant admits the cutting and carrying away of the trees and justifies under his wife, Ella C. Churchill, who, he claims, held the title, and was in possession and had the right of possession of the land upon which the trees stood. The defendant introduced a deed from one Miles Pease to the defendant's wife in which the granted premises are described as beginning on the northerly side of the road leading from Miles Pease' house to Dickey's Mills, thence easterly by said Dickey's Mills road to land of Elijah M. Pease, thence, by other courses and bounds, to point of beginning, being part of the Isley Jordan place. It is admitted that the south line of the Isley Jordan place is the northerly line of the Dickey's Mills road. From the foregoing description and admission it is clear that the defendant's wife is bounded by the northerly line of the Dickey's Mills road and has no title or right of possession of the land included within the limits of the road. The defendant, therefore, fails to justify the cutting by title in his wife.

The plaintiff in support of his title to the locus in quo introduced a deed of warranty from one Edgecomb to himself of a parcel of land beginning on the northerly side of the road leading from Dickey's Mills to the road near the dwelling-house of Isley Jordan, thence by courses and bounds to the place of beginning, "with the reservation of a road two rods wide over the northerly side of said lot." It is admitted that the road mentioned in the

deed of Pease to the defendant's wife as leading from Miles Pease' house to Dickey's Mills, is the same two-rod road mentioned in the reservation in the deed of Edgecomb to the plaintiff.  The defendant contends that the reserving clause in the plaintiff's deed should be construed as an exception and not as a reservation, because the road was in existence at the time of the grant, and, being an exception, the fee in the land included within the limits of the road did not pass to the plaintiff.

Every exception or reservation in a deed is the act of the grantor and should therefore be construed most strictly against him and most beneficially for the grantee.  *Wyman* v. *Farrar*, 35 Maine, 71 ; *Kuhn* v. *Farnsworth*, 69 Maine, 405.  A reservation has sometimes the force of a saving or exception.  Co. Litt. 143. Exception is always a part of the thing granted, and of a thing in being ; and a reservation is of a thing not in being, but is newly created out of the land and tenements devised, though exception and reservation have often been used promiscuously.  Co. Litt. 47 a.  A construction given to a clause called a reservation, is, that it is an exception if it fall within that definition, and if such was the design of the parties.  *State* v. *Wilson*, 42 Maine, 9 ; *Winthrop* v. *Fairbanks*, 41 Maine, 307.  Where a road or way is spoken of, there are two distinct rights or interests which naturally present themselves to the mind—the fee in the land itself and the easement or use (public or private) which may be made of it for the purposes of travel or transportation.  *Kuhn* v. *Farnsworth*, supra. The construction and effect of reservations or exceptions of "roads" and "ways" in deeds have uniformly been held by this court to import only the easement and not the property in the soil.  *Stetson* v. *French*, 16 Maine, 204; *Tuttle* v. *Walker*, 46 Maine, 280; *Cottle* v. *Young*, 59 Maine, 105; *Kuhn* v. *Farnsworth*, supra; *Day* v. *Philbrook*, 85 Maine, 90 ; *Morrison* v. *Bank*, 88 Maine, 155.  We therefore hold that the words of reservation in the plaintiff's deed excepted from the grant the easement only and that the fee in the soil passed to the plaintiff.  Having such fee his action is maintainable.

*Judgment for the plaintiff, and damages are assessed*
*at ten dollars as agreed by the parties.*