## FARMER v. CROWLEY. (No. 1315.)

(Court of Civil Appeals of Texas. El Paso.
April 6, 1922.)

1. Trial ⬄352(1)—Special issue submitting question as to amount defendant had agreed to pay plaintiff per day per team held not erroneous for failure to add "wagons and teamsters" after word "team."

In action for balance due under contract pursuant to which plaintiff had furnished defendant with wagons, teams, and teamsters to do certain hauling involving dispute as to amount defendant had agreed to pay plaintiff, special issue submitting question as to amount defendant had agreed to pay plaintiff "per day per team" *held* not erroneous for failure to add the words "wagons and teamsters" after the word "team" since jury could not have been misled.

2. Appeal and error ⬄882(8)—Admission of evidence not ground for reversal where question on which evidence was admitted was first injected by appellant.

The admission of evidence was not ground for reversal where the question upon which the evidence was admitted was first injected into the case by appellant.

3. Appeal and error ⬄1050(1)—Admission of testimony harmless where substantially same testimony was previously introduced without objection.

The admission of testimony was not ground for reversal where substantially the same testimony had been previously introduced without objection.

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by P. R. Crowley against R. S. Farmer. Judgment for plaintiff, and defendant brings error. Affirmed.

Sayles & Sayles, of Eastland, for plaintiff in error.

W. H. Sewell, of Breckenridge, and N. N. Rosenquest, of Eastland, for defendant in error.

### Statement of Case.

HIGGINS, J. This suit was filed by P. R. Crowley as plaintiff for the sum of $1,384, balance alleged to be due and payable by R. S. Farmer, as defendant, by reason of a certain contract entered into between such parties on or about August 7, 1919, by the terms of which plaintiff, Crowley, was to furnish the defendant, Farmer, with wagons, teams, and teamsters to do certain hauling for the defendant, for which it is alleged the defendant agreed to pay plaintiff the sum of $13 per day for each wagon, team, and teamster so furnished by plaintiff. It was further alleged that plaintiff, by virtue of such contract, did furnish for hauling for the defendant certain wagons, teams, and teamsters, and did in all respects perform his part of the contract, and that, after allowing to the defendants all credits of payments made by him, there was a balance due plaintiff of $1,384, together with 6 per cent. interest from September 1, 1919.

Defendant answered by general demurrer, general denial, and special plea, setting up that prior to the commencement of the suit he paid to plaintiff the sum of $1,476 in full satisfaction and discharge of claims and charges plaintiff may have had against him, and that said sum was so accepted by plaintiff.

By supplemental petition the plaintiff denied that said $1,476 was accepted by him in full satisfaction of his debt and claim.

The special issues submitted and jury's answers are as follows:

"(1) Did the defendant agree to pay plaintiff $12 per day per team or $13 per day per team? Answer which. Answer: $13.

"(2) In addition to 14 teams loaded with steel on August 9, 1919, were there 14 teams loaded with pipe for the defendant and hauled by plaintiff out on the pipe line? Answer Yes or No. Answer: Yes.

"(3) On the second trip out of Olden with piping, how many teams did plaintiff load out for defendant; that is, did plaintiff load out 14 teams, or 28 teams? Answer which number. Answer: 28.

"(4) Was there any agreement between plaintiff and defendant as to how much time would be allowed plaintiff in making the trips and return with pipe? Answer Yes or No. Answer: No.

"(5) If you have answered special No. 4 such an agreement as to the time to be allowed the plaintiff in making said trips and return, then say how much time? Answer: ———.

"(6) If you have answered that there was no agreement between plaintiff and defendant as to the time to be allowed plaintiff in making the trip and returning, then what time was actually consumed in making such trips? Answer: Two days.

"(7) Did the defendant's agent, Frank March, instruct plaintiff or any of his authorized agents or employees to return to Olden after the last trip for other loads of pipe? Answer Yes or No. Answer: Yes.

"(8) Acting upon such instructions, if any, did the plaintiff return to Olden with his team for the purpose of making other hauls? Answer Yes or No. Answer: Yes.

"(9) If the plaintiff did return, as inquired about in interrogatory 7, then answer how many teams returned to Olden. Answer: 26.

"(10) If you have answered that plaintiff was instructed to return to Olden for other loads, and did return, then what was the necessary time consumed by plaintiff in making the trip back to Olden and in returning? Answer: Two days."

Issues requested by the defendant with the jury's answers are as follows:

"Question No. 1: Did the $1,476 check delivered to plaintiff by defendant, contain at the time of said delivery the indorsement on its

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

face of 'Time in full?' Answer Yes or No here. No.

"Question No. 2: Did the defendant, R. S. Farmer, contend to the plaintiff P. R. Crowley at the time the $1,476 check was delivered to him, that in full payment of the amount due plaintiff? Answer Yes or No here. No.

"Question No. 3: Did the defendant R. S. Farmer in substance advise plaintiff P. R. Crowley at the time he delivered the $1,476 check to plaintiff, that said amount was all that was due plaintiff according to his records, and that plaintiff could either receive or refuse the check? Answer Yes or No. No.

"Question No. 4: Did the plaintiff P. R. Crowley accept said $1,476 check with any knowledge that the defendant claimed the same to be in full payment of the amount due him? Answer Yes or No here. No.

"Question No. 5: Did the defendant R. S. Farmer at any time after said $1,476 check was delivered to plaintiff ever agree to pay him any additional sum? Answer Yes or No here. No."

Upon the verdict judgment was rendered for plaintiff in the sum of $1,282, with interest, and defendant prosecuted this writ of error.

### Opinion.

[1] Objection is made to the first issue upon the ground that it submitted the contract price on the basis of so much per day per team rather than so much per day per team, wagon, and teamsters according to the contract alleged.

There was a sharp conflict in the testimony as to whether the agreement was for a compensation of $12 per day or $13 per day. Issue No. 1, was simply submitting that issue alone, and, so regarded, appellant has suffered no injury with respect to the failure to add the words "wagons and teamsters" after the word "team." The jury could not possibly have been misled in any way.

The sixth issue is objected to on the ground that it should have submitted the question of the reasonable or necessary time for making the trips rather than the actual time consumed. Neither the pleadings nor the evidence present any issue as to a waste of time by plaintiff in working his teams, and issue 6 was therefore irrelevant. The only issues raised in the case were: First, the rate of pay per day, plaintiff contending that the contract price was on a $13 basis and defendant that it was on a $12 basis; second, the number of teams furnished by plaintiffs; third, whether the payment of $1,476 was paid and accepted in full settlement of the account.

[2, 3] Error is also assigned to the admission of evidence. We are of the opinion that the error, if any, was harmless, and did not affect the result. Furthermore the question upon which the evidence was admitted seems to have been first injected by appellant. The

matter is not reversible for the further reason that the testimony of the witness Byers was allowed to be introduced without objection, and his testimony was substantially the same as that complained of. See cases cited in 1 Ency. Dig. 804.

All assignments have been considered, and are regarded as without merit.

Affirmed.