**MARTIN et al. v. SOUTHERN PINE LUMBER CO. (Nos. 814–4477.)**

(Commission of Appeals of Texas, Section A. June 9, 1926.)

1. **Logs and logging** ☞3(14).

Conveyance of timber under deed giving grantee 10 years in which to remove it passes no title save to so much thereof as grantee may remove within time limit.

2. **Logs and logging** ☞2—Grantee of fee excepting timber previously conveyed held to acquire grantor's reversionary interest therein.

Where timber was conveyed under deed giving grantee 10 years to remove it, and thereafter grantor conveyed land in fee excepting and reserving timber previously conveyed, grantee of fee *held* to acquire grantor's reversionary interest in timber not removed within time limit.

3. **Logs and logging** ☞3(14)—Grantee of timber held without right under unauthorized extension agreement by grantor to cut and remove timber after time limit in deed.

Where grantor conveyed timber under deed giving grantee 10 years to remove it, and thereafter within 10-year period conveyed land in fee, grantee of timber *held* without right after 10-year period to cut and remove timber under extension agreement of grantor after 10-year period expired.

4. **Logs and logging** ☞3(14)—Grantee of timber, not having removed it within time limit therefor, held liable for removal thereof to successors in interest of grantee of fee as reversionary owner.

Where timber was conveyed under deed giving grantee 10 years to remove it, and thereafter grantor within 10-year period conveyed land in fee, grantee of timber, not having removed it within 10-year period, *held* liable to successors in interest of grantee of fee, as reversionary owners thereof, for timber removed after expiration of time limit.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.·

Action by Mrs. T. L. Martin and others against the Southern Pine Lumber Company. Judgment for plaintiffs in district court was reversed and rendered by the Court of Civil Appeals (274 S. W. 181), and plaintiffs bring error. Judgment of the Court of Civil Appeals reversed,·and that of the district court affirmed.

W. O. Seale,.of Lufkin, and Dean & Humphrey, of Huntsville, for plaintiffs in error.

R. E. Minton, of Lufkin, for defendant in error.

BISHOP, J. Plaintiffs in error are the owners of 208 acres of land situated in Trinity county, Tex., holding title under T. L. Martin. They filed this suit in the district court of said county and recovered judgment against defendant in error Southern Pine Lumber Company for the value of timber cut by it and removed from said land.

On October 4, 1911, J. A. Platt, who then owned the land on which the timber involved in this suit stood, executed an instrument conveying to the Trinity County Lumber Company, its successors and assigns, "all merchantable timber, growing, standing and being situated upon" said land, together with "the exclusive right of way over and across said" land "for its tram roads, logging roads, and railroads, * * * not only for the purpose of cutting and removing the timber off" said land, but "also for the purpose of cutting and removing the timber off any other tract of land that said company" might "own in that vicinity," giving and granting to said company ten years' time from said date "in which to cut and remove the timber," and warranting the title to the timber conveyed.

Thereafter, on November 23, 1918, Platt, by special warranty deed, conveyed said land in fee to W. A. Hood and ·T. H. Wilkinson. This deed was recorded in Trinity county, in which said land was situated, on December 4, 1918. The deed contains the following provision:

"There is excepted and reserved from this conveyance the merchantable timber growing, standing and being situated on same, heretofore sold and conveyed by J. A. Platt to Trinity County Lumber Company, by deed of date Octo-

---

☞ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ber 4th, 1911, of record in volume 45 on pages 44 to 46 of the Trinity county deed records, and also the right of way privileges given to said company by said deed."

Hood and Wilkinson by general warranty deed of date February 17, 1919 (recorded in said county March 13, 1919), conveyed said land in fee to T. L. Martin. This deed contains this provision:

"There is excepted and reserved from this conveyance the merchantable timber growing, standing and being situated on said land which was heretofore sold and conveyed by J. A. Platt to the Trinity County Lumber Company, by deed of date October 4th, 1911."

After Platt had conveyed the land to Hood and Wilkinson, and on August 22, 1921, he executed an instrument purporting to grant to Southern Pine Lumber Company, as assignee of Trinity County Lumber Company, "until the 4th day of October, 1923, within which to cut and remove the timber described in" his transfer to said Trinity County Lumber Company.

The judgment rendered in the district court was for the value of the merchantable timber cut and removed from this land by the Southern Pine Lumber Company after October 4, 1921. The Court of Civil Appeals reversed this judgment and rendered judgment in favor of defendant in error, holding that the provision above quoted in the deed from Platt to Hood and Wilkinson had the effect to reserve to Platt all the merchantable timber on said land, and that no title passed to Hood and Wilkinson thereto. 274 S. W. 181.

[1] By this provision Platt in his deed to Hood and Wilkinson expressly excepted and reserved from his conveyance the timber previously sold by him to the Trinity County Lumber Company. No timber other than that so sold is excepted or reserved, and title passed to Hood and Wilkinson to all timber not previously sold to the Trinity County Lumber Company. The language used in this provision is plain and unambiguous. It purports to state specifically what is excepted and reserved from the conveyance, which is "the merchantable timber, growing, standing, and being situated on some (the land) heretofore sold and conveyed by J. A. Platt to Trinity County Lumber Company, * * * and also the right of way privileges given to said company by said deed."

[2, 3] While there is conflict in the decisions in other jurisdictions as to whether present title to timber passes to the vendee in deeds and contracts containing time limits for the removal of the timber, in this state the rule is established that such deeds and contracts "pass no title whatever, save to so much of the timber as the vendee may remove within the time limited." Houston Oil Co. v. Boykin, 109 Tex. 276, 206 S. W. 815; Carter v. Clark & Boice Lumber Co. (Tex. Civ. App.) 149 S. W. 278; North Texas Lumber Co. y. McWhorter (Tex. Civ. App.) 156 S.

W. 1153. The instrument executed by Platt to the Trinity County Lumber Company, purporting to convey "all merchantable timber growing" on this land, by reason of the ten-year limitation contained therein, only sold and conveyed title to so much of said timber as said lumber company or its assignee should remove during the ten-year period. The deed thereafter executed by Platt to Hood and Wilkinson conveyed to them title to all the timber growing on the land, except to such timber as might be removed during the remainder of the ten-year period under Platt's timber contract. There was, and could be, no timber on the land the title to which would revert to Platt. By his timber contract and deed thereafter made he conveyed all timber owned by him, without reservation to himself, and therefore the instrument thereafter executed by him, purporting to grant to the Southern Pine Lumber Company an extension of time in which to cut and remove the timber sold to Trinity County Lumber Company, gave no right to defendant in error to cut and remove the timber from the land after the expiration of said ten-year period. Deer Creek Lumber Co. v. Sheets, 75 W. Va. 21, 83 S. E. 81; Hornthal v. Howcott, 154 N. C. 228, 70 S. E. 171.

The Court of Civil Appeals in its opinion says:

"Had Platt retained the title to the land at the expiration of ten years, he would have been, under the construction given by our courts of his deeds to the lumber company, the owner of all timber not cut."

This is true. It is also true, "under the construction given by our courts," that he was the owner of all timber not cut at the time he executed the deed to Hood and Wilkinson. His timber contract conveyed no title to uncut timber. No title passed to timber under this contract until it was cut, and he excepted from his conveyance to Hood and Wilkinson only the timber to which title might pass under his timber contract, this being all the timber theretofore sold.

[4] The deeds from Platt to Hood and Wilkinson and from them to Martin, in which these provisions appear, contain covenants of warranty. When they were executed, the ten-year period provided for in the timber contract had not expired. It is clear that it was the intention and purpose of the grantors, in inserting these provisions in their deeds, to protect themselves against the warranty of title contained therein, and the language used indicates no other intention. The timber at the time it was cut and removed from the land was the property of plaintiffs in error. Defendant in error had no right thereto, and should be required to pay plaintiffs in error the value thereof.

No error is assigned by defendant in error (appellant in the Court of Civil Appeals) in its brief which would require reversal of the judgment against it, and we recommend

that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.