**BOLTON v. DYCK OIL CO. et al.**

**No. 3267.**

Court of Civil Appeals of Texas. Beaumont.

Feb. 22, 1938.

Rehearing Denied March 9, 1938.

R. R. 709 vrs. to place of beginning, containing 87 acres after deducting the right of way of said H. & O. RR." By his deed in writing, dated May 15, 1877, John Barber conveyed to the H. & O. R. R. Co. a right of way—a mere easement—across this tract of land. The land as conveyed by Barber to Eaton was surveyed in 1934 and contained 93.1 acres of land; the right of way—the easement—conveyed by Barber to the H. & O. R. R. Co., contained 5.88 acres of land. The calls for distance in the resurvey in 1934 were different from those in the Barber-Eaton deed. By the very field notes of the Barber-Eaton deed, Eaton conveyed the land to D. H. Lindsey, Lindsey to Allen, Allen to Mayfield, and Mayfield to John Bell by deed dated December 31, 1891; these conveyances were general warranty deeds, duly acknowledged and recorded in the deed records of Rusk county. By the same description used in all the deeds through which he claimed, on March 2, 1929, Bell, by general warranty, executed an oil and gas lease to C. M. Joiner. Dyck Oil Company, et al., appellees, through mesne conveyance under Joiner, acquired 17 acres of the Joiner oil and gas lease out of the northwest corner of the original tract as conveyed by Barber to Eaton; this 17 acres included 2.48 acres of the right of way—the easement—conveyed by Barber to the H. & O. R. R. Co. Appellant, Frank C. Bolton, holding an oil and gas lease from and under the heirs of John Barber, deceased, on the 2.48 acres out of the seventeen acres, being the easement of the H. & O. R. R. Co., filed this suit in the district court of Rusk county in trespass to try title against appellees to recover the title and possession of the railroad right of way. On trial to the court without a jury judgment was rendered against appellant and in favor of appellees for the title and possession of the land in controversy, supported by conclusions of fact and law. Appellant perfected his appeal to the Texarkana Court of Civil Appeals; the case is on the docket of this court by order of transfer by the Supreme Court.

Frank C. Bolton, of Henderson, for appellant.

Weeks, Hankerson & Potter, of Tyler, for appellees.

## WALKER, Chief Justice.

By his warranty deed, dated August 23, 1880, John Barber conveyed to Odis Eaton by specific metes and bounds a tract of land, a part of the S. P. Hollingsworth survey in Rusk county; the last call in the deed read as follows: "Thence eastward with said

The record contains no statement of facts. The court found that no issue of limitation was in the case. The land has not been developed for oil. On the issue of "intention" of the parties to the Barber-Eaton deed, the court made the following finding: "I find that no evidence of any character whatsoever was offered to show the intention of the parties, John

Barber and Odis Eaton, in making the deed of August 23, 1880, except the deeds offered in evidence."

The parties agree, and the court so found in his conclusions of law, that the only issue in the case is the construction of the last clause in the description of the Barber-Eaton deed: "Thence eastward with said R. R. 709 vrs. to place of beginning, containing 87 acres after deducting the right of way of said H. & O. RR."

Opinion.

■ The field notes of Barber's deed to Eaton included the railroad right of way which he had previously conveyed. His deed to Eaton was by general warranty, and to protect himself from a claim that he had breached his warranty by conveying the right of way it was necessary for him to deduct the right of way from the land conveyed; that was the manifest intention of the parties in their use of the language under construction. Barber owned the fee to the land covered by the right of way—the easement—subject only to the burden imposed upon it by the easement. What then did he "deduct" from the land included within the field notes in his deed to Eaton? The language is, "after deducting the right of way." In Calcasieu Lbr. Co. v. Harris, 77 Tex. 18, 13 S.W. 453, 455, defining "right of way," Judge Stayton said: "The words 'right of way,' if not defined, are expressive of the very nature of the right ordinarily held by railway companies in the lands over which their roads run; a right to use the land only for railway purposes; an easement." Barber did not define this term in his deed; so, under Judge Stayton's definition, he deducted "a right to use the land only for railroad purposes; an easement." Had he said "containing 87 acres after deducting the easement of said H. & O. R. R.," appellant would not have filed this lawsuit, for clearly he would not have had any cause of action.

Barber did not deduct the "land" occupied by the railroad, but only the "right of way." Many decisions are found in the books defining "reservation," "exception," "deduction," and "right of way." In Devlin on Deeds, p. 1851, it is said: "A deed which reserves a road of a certain width to be shut at each end by a bar or gate, reserves only a right of way, and not the fee of the land reserved for a road." The following proposition is announced by

18 C.J. 338: "A grant of land by metes and bounds with full covenants of warranty, excepting or reserving a roadway for the use of the public, or a right of way for a railroad, passes the fee to the land subject to the easements reserved." In Wellman v. Churchill, 92 Me. 193, 42 A. 352, it was held that the reservation or exception of "a way" reserved only an easement, not the soil or fee. In Wellman v. Dickey, 78 Me. 29, 2 A. 133, a deed containing the words "excepting the roads laid out over said land" was held to convey the fee within the limits of the road, subject to the easement of the public incident to the use of the road. See, also, Roxana Petroleum Corporation v. Corn, 8 Cir., 28 F.2d 168; Shell Petroleum Corp. v. Corn, 10 Cir., 54 F.2d 766, and Martin v. Southern Pine Lbr. Co., Tex.Com.App., 284 S.W. 918.

Umscheid v. Scholz, 84 Tex. 265, 16 S.W. 1065, cited by appellant as controlling on the construction of the Barber-Eaton deed, is not in point. The construction of the deed in issue in that case was controlled by the intention of the parties, as deduced from its language, the conduct of the parties, and the attending circumstances. In the case at bar, the court found that no evidence of "intention" was shown, except the very language of the deed.

■ But if it be conceded that the language under construction is ambiguous, which it is not, yet it must be construed as conveying the fee, subject to the easement of the railroad company, because: First, the deed must be construed as conveying the largest estate possible to Eaton consistent with its language. In 14 Tex. Jur. 926, it is said: "As a corollary to the rule that a deed is to be read against the Grantor, the courts hold that if the language employed in a deed leaves in doubt the Grantor's intention, it shall be construed so as to confer to the Grantee the greatest estate that the terms of the instrument will permit." Second, the fee reserved in Barber would have but little value, while the grant of the fee to Eaton would be of great value to him. Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391. Third, as against appellant's contention, the excess acreage cannot be given any weight in arriving at the intention of the parties, for "acreage" is of but little weight in the construction of a deed except where the conveyance is by the acre. 7 Tex.Jur. 191. And, fourth,

the 1934 calculation was not based on the field notes of the Barber-Eaton deed.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

### On Rehearing.

The plat of the 1934 survey, attached to the trial court's conclusions of fact and law, fully supports our conclusion, "The calls for distance in the resurvey in 1934 were different from those in the Barber-Eaton deed."

The motion for rehearing is in all things overruled.