### STROUD v. HUNT OIL CO. et al.

### No. 2081.

Court of Civil Appeals of Texas. Eastland.

Jan. 17, 1941.

Hill & Bath, of Henderson, for appellant.

McEntire & Shank, of Dallas, for appellees.

GRISSOM, Justice.

Hunt Oil Company et al. instituted this suit against J. C. Stroud in trespass to try title to a seven-eighths mineral estate in a strip of land containing approximately .28 of an acre. Plaintiffs, in addition to the formal plea in trespass to try title, pleaded the five and ten year statutes of limitations. Defendant, Stroud, answered by general denial and plea of not guilty. The trial was to the court. The court rendered judgment for plaintiffs and defendant has appealed.

At the request of appellant, the court filed findings of fact and conclusions of law.

The land in controversy was formerly a part of Highway No. 64, which ran through a 9.82-acre oil and gas lease owned

by plaintiffs, and which constituted a part of a 393-acre tract of land described in a deed from H. B. Young and wife to Calvin V. Young. H. B. Young is the common source of title.

In April, 1920, H. B. Young conveyed to Rusk County a right of way over a 100-acre tract of land, which tract was a part of the 393 acre tract heretofore mentioned. This instrument contained no description of the right of way by metes and bounds. All the parties agree that the effect of this instrument was to convey only a right of way. Said right of way later became a part of State Highway No. 64.

In November, 1925, H. B. Young and wife by general warranty deed describing the land by metes and bounds conveyed the 393-acre tract to Calvin V. Young. The consideration recited was "$2000 paid by Calvin V. Young for himself and $3000 paid, by C. R. McDonough for said Calvin V. Young, and for which Calvin V. Young has executed his three vendor's lien notes", etc. The 393 acres described in the deed from H. B. to Calvin V. Young included the 9.82 acres contained in the oil lease aforesaid and the latter included the .28 of an acre in controversy. After such description of the 393 acres, the deed concludes as follows:

" * * * but from which is excepted *that part of the Henderson and Tyler Highway which crosses the North East corner of the above bounded land.* Also the saw mill engine, boiler, carriage, belting, pulleys and all tools appliances, fixtures and appurtenances belonging thereto now located on the above bounded land.

"To have and to hold, *the above described land,* and premises, mill and machinery, unto said Calvin V. Young, his heirs, and assigns, in fee simple forever.

"And we hereby bind ourselves, our heirs, and legal representatives to warrant and forever defend the right and title, to said land and premises mill and machinery unto said Calvin V. Young, his heirs and assigns, against the lawful claims of every person whomsoever, claiming, the same or any part thereof."

In May, 1927, Calvin V. Young executed an oil and gas lease to the land conveyed to him by H. B. Young in 1925 to S. E. Gray, trustee. Plaintiffs became the owners of this lease insofar as the tract in dispute is concerned if Calvin V. Young acquired title thereto in his deed from H. B. Young.

In December, 1938, the State of Texas, having abandoned for highway purposes the .28-acre tract in controversy, executed a "release and quit claim" thereof to H. B. Young.

In August, 1938, H. B. Young and wife executed an oil and gas lease to the .28 acre in controversy to defendant, J. C. Stroud, describing it as ".43 acres, more or less", and reciting that it was a part "of the land *reserved* in a deed from H. B. Young et ux to Calvin Young."

The question for determination is whether in the deed from H. B. Young and wife to Calvin V. Young the grantors excepted from the conveyance the fee title to the land covered by the "Henderson-Tyler Highway", or, whether the language used in the concluding part of the deed from H. B. Young and wife to Calvin V. Young was intended merely to protect the grantors on their warranty from any claim arising from the fact of the previous conveyance by H. B. Young of a right of way to Rusk County, and had that effect.

In Klein v. Humble Oil & Ref. Co., Tex. Civ.App., 67 S.W.2d 911, 912, affirmed, Tex. Sup., 86 S.W.2d 1077, Stein conveyed 60 acres of land to Klein by warranty deed. The land was described by metes and bounds. The deed contained the following provision: " 'Grantors herein, however, reserve for themselves, their heirs and assigns, one-eighth (1/8) of all mineral rights in and under Ten (10) acres of land, running north and south, on the east end of the 60 acres herein conveyed, and it is understood and agreed that if no production of oil is had on said Ten (10) acres within a period of Twenty (20) years, this reservation shall terminate and become null and void, and it is further understood that grantors herein are not to participate in any oil lease or rental bonuses that may be paid on any lease on said above described land, and hereby waive any rights they may have or be entitled to in any future oil or gas lease.' "

Klein conveyed the same land, by the same metes and bounds, to Baker. That deed contained the following provision:

" 'There is however excepted from this conveyance 1/8 of all mineral rights in and under Ten acres of land running north and south on the east end of said 60 acres, and it is understood that if no production of oil is had on said 10 acres within a period of Twenty years from May 29, 1928, then this reservation shall lapse. Also understood

that the owner of said rights is not to participate in any oil lease or rental bonuses that may be paid for any lease, and have no interest in any future oil and gas lease.'

" 'The property herein conveyed is the same conveyed to us by Robert Stein and wife by deed dated May 29, 1928, and recorded in Guadalupe County, Deed Record Book 97, p. 398.' "

The Court of Civil Appeals pointed out that "Nothing was said in the Klein deed to Baker about the 1/8th that Stein had reserved * * *." That court also stressed the fact that Klein in his deed did not say that the exception was for himself. That court held that the exception in the Klein deed had reference to the exception in the Stein deed and that it was not an exception of an additional one-eighth interest in the minerals to Klein. Relative thereto that court said: "This must be true, since the provision nowhere in terms purports to say that the 'exception' was for them or that the interest excepted was to be theirs. There is nothing in the language of the exception itself which requires that construction. Under the language of the provision it is, at most, only a possible construction. And under the language itself it is just as possible to fairly construe the 'exception' as referring to the Stein interest, which was not being conveyed. With this being true, if there is doubt as to the making of the exception, this doubt must be resolved against the grantors, and in favor of the grantee Baker, that the exception was but to preserve and protect the Stein reservation and Klein's warranty. Baker v. McDowell, 3 Watts & S. (Pa) 358; Harris v. Cobb, 49 W.Va. 350, 38 S.E. 559; Hill v. Roberts (Tex.Civ.App.) 284 S.W. 246; Hooks v. Neill (Tex.Civ.App.) 21 S.W. (2d) 532."

Relative to Klein's contention that the exception in his deed did not have reference to the exception in the Stein deed, but excepted from Klein's conveyance an additional one-eighth of the mineral rights in the east 10 acres, for Klein's benefit, in addition to the interest excepted by the Stein deed, Judge Hickman, speaking for the Supreme Court, said [86 S.W.2d 1078]:

"All parties admit that, in their deed to Klein, Stein and wife reserved to themselves a determinable fee to 1/8 of all mineral rights in and under the east 10 acres. It is the contention of Klein and those claiming under him that Klein and wife in their deed to Baker excepted for themselves an additional 1/8 of all mineral rights in the east 10 acres. With respect to this contention the Court of Civil Appeals held that the deed from Klein and wife to Baker conveyed all of the interest they had in the property; that the exception contained therein had the effect of excluding from the conveyance only the 1/8 reserved by Stein and wife in their deed to Klein, and that the purpose of the Klein exception was to protect their warranty as against the Stein reservation.

"Much of the opinion of the Court of Civil Appeals is devoted to a discussion of this question. We are in full agreement with that holding, and do not deem it necessary or desirable to enter into another discussion of that phase of the case. We have examined the assignments presented in the application of Klein and his assigns for a writ of error and find them well answered by the opinion of the Court of Civil Appeals."

In Penn v. Holland, Tex.Civ.App., 105 S.W.2d 351, 353, writ refused, L. K. Decker conveyed to the Railway Company a right of way over a described tract of land. Thereafter she executed a warranty deed to Brooks to the tract of land over which the right of way had been granted. After a description of the land this provision followed: "Save and except three (3) acres of land out of said tract, the same having been conveyed by me to the Houston Galveston Electric Railway Company." The question involved was whether or not said quoted provision excepted the title to three acres of land out of the tract described, or whether same was merely an exception of the easement previously granted to the Railway Company. The court held that the exception was of the easement only, and not of the title to the three acres described in the warranty deed.

█ In Shell Pet. Corp. v. Ward, 5 Cir., 100 F.2d 778, 779, the owner of land conveyed a right of way to the Neches Canal Company. Thereafter the land owner executed a general warranty deed to one Gregory. The description of the land by metes and bounds included the 5.6 acres covered by the right of way deed. Following a description of the land, recited as containing 162 acres, there was this provision: "save and except therefrom 5.6 acres taken up by the rights of way of the Neches Canal Company lateral, making 156.4 acres here-

in and hereby conveyed." The court, in an opinion by Judge Hutcheson, said:

"It is a principle of universal application that grants are liberally, exceptions strictly, construed against the grantor. * * * This principle is especially vigorous in operation, where, as here, a construction is contended for which would produce the unreasonable result of splitting into two pieces a tract of land, which existed as one tract, subject only to an easement, and which, in reason, must be considered to have been conveyed `as such, and not to have been split into separate parts, with a thin wedge of land between."

"They urge upon us further that in the cases appellant relies on the thing excepted was in terms a right of way, or an easement. Here the thing excepted is in terms land.

"We cannot agree with any of these positions. We think it quite clear that here is no plain and unambiguous direction in a deed which may be given effect without resorting to construction. On the contrary, construction is imperatively demanded. For the deed, by metes and bounds, describes and in terms conveys 162 acres of land which includes the land in question, and then provides 'save and except therefrom 5.6 acres taken up by the rights of way of the Neches Canal Company's lateral, making 156.4 acres herein and hereby conveyed.'

"If construed as appellees would have it, a result both unreasonable and clearly unintended would have been produced. For it is inconceivable that Gregory, plaintiffs' grantee, would have bought a tract of land split into two tracts by a small narrow strip which the Canal Company was not only authorized to use as a lateral, but if appellees are right, appellees would be entitled, under the restrictions in the Canal deed, to close up and occupy and thus cut appellant's land in two."

The court further said:

"The instrument construed in Penn v. Holland, Tex.Civ.App., 105 S.W.2d 351 is almost identical in terms. It provides 'save and except three (3) acres of land out of said tract, the same having been conveyed by me to the Houston Galveston Electric Railway Company.' (page 353.)

"The decision in this case, and in Jones v. Sun Oil Co., Tex.Civ.App., 110 S.W.2d 80, in both of which the Supreme Court refused a writ of error, leave in no doubt that the law is established in Texas as appellant contends that it is, and the deed should be construed as it contends for."

■ In Kansas City So. Ry. Co. v. Marietta Oil Corp., 5 Cir., 102 F.2d 603, Lynn and another Lumber Company, under whom both plaintiff and defendant claimed, executed a deed to one Parker to certain described land, "less a right of way 100 feet in width reserved for the Kansas City * * * Railroad Company through said land * * *." Thereafter Lynn Lumber Company conveyed to said named railroad, the appellant, a right of way 100 feet in width across said tract of land described in the Parker deed. It was contended, and the trial court held that the Lumber Company in their deed to Parker reserved to themselves the title to the strip of land on which appellant had its right of way. The appellate court held that such result was "neither intended nor accomplished." Referring to Shell Pet. Corp. v. Ward, supra, the court said: "*. * * we have had recent occasion to give careful consideration to and to declare the effect of instruments and situations of this kind. As we there pointed out, descriptions such as the one in question here are, with almost complete uniformity, construed as not intending to reserve, and not reserving anything, in the grantor, but on the contrary, as passing to the grantee the whole of the tract described, subject only to the easement. * * * By a much stronger reason a deed which, as here, refers in terms to a public easement, such as a highway or railroad right of way, will be construed as conveying to the grantee the fee to the property subject only to the public easement. Roxana Pet. Corp. v. Sutter, 8 Cir., 28 F.2d 159; Midland Valley R. Co. v. Sutter, 8 Cir., 28 F. 2d 163."

■ In Shell Pet. Corp. v. Hollow, 10 Cir., 70 F.2d 811, 814, the same question was considered. There the court said:

"Decisions could be multiplied holding that the servient estate in a small tract, usually in the form of a strip set apart for highway or railway right of way purposes, passes with a conveyance of the fee to the abutting tract of which the strip formerly was a part. The servient estate passes with such a conveyance, even though no express provision to that effect is contained in the instrument. The rule is that such estate passes unless it is excluded by clear, unequivocal, and unmistakable language. The considerations of sound public policy

evoking the application of that doctrine and constituting its undergirder, as well as the mischief sought to be obviated by it, was declared by the late Chief Justice Taft, then Circuit Judge, in Paine v. Consumers' F. & S. Co. [6 Cir.] 71 F. 626, 632, as follows: 'The evils resulting from the retention in remote dedicators of the fee in gores and strips, which for many years are valueless because of the public easement in them, and which then become valuable by reason of an abandonment of the public use, have led courts to strained constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases.'

"The doctrine thus enunciated has been applied to the conveyance of land' abutting a right of way for *highway* purposes in Kansas, Bowers v. Atchison, T. & S. F. R. Co., 119 Kan. 202, 237 P. 913, 42 A.L.R. 228; and to the conveyance of land abutting a right of way for railway purposes, Roxana Pet. Corp. v. Sutter [8 Cir.] 28 F.2d 159; Shell Pet. Corp. v. Corn [10 Cir.] 54 F.2d [766] 767; Roxana Pet. Corp. v. Jarvis, 127 Kan. 365, 273 P. 661; Barker v. Lashbrook, 128 Kan. 595, 279 P. 12, 14; it being held in each instance that conveyance of the fee of the abutting tract passes title to the servient estate in the land embraced within the right of way."

In Bolton v. Dyck Oil Co., Tex.Civ.App., 114 S.W.2d 299, 301, Barber, in 1880, conveyed a tract of land to Eaton by specific metes and bounds. At the end of the last call for metes and bounds was the following: "containing 87 acres after deducting the right of way of said H. & O. R. R." In 1877 Barber had conveyed to the H. & O. Railroad a right of way across this land. Bolton, holding an oil and gas lease from the heirs of Barber, deceased, on 2.41 acres out of said tract, filed suit in trespass to try title against the Oil Company to recover the title and possession of the railway right of way. The sole question was the construction of the quoted exception in the deed from Barber to Eaton. The court there pointed out that the field notes therein included the railway right of way previously conveyed. The court held that said exception was not an exception of the title to the land included within the right of way but that the purpose of the quoted provision was to protect Barber from a claim that he had breached his warranty by conveying the right of way. The court said: "Barber

did not deduct the 'land' occupied by the railroad, but only the 'right of way.' Many decisions are found in the books defining 'reservation,' 'exception,' 'deduction,' and 'right of way.' In Devlin on Deeds, p. 1851, it is said: 'A deed which reserves a road of a certain width to be shut at each end by a bar or gate, reserves only a right of way, and not the fee of the land reserved for a road.' The following proposition is announced by 18 C.J. 338: 'A grant of land by metes and bounds with full covenants of warranty, excepting or reserving a roadway for the use of the public, or a right of way for a railroad, passes the fee to the land subject to the easements reserved.' In Wellman .v. Churchill, 92 Me. 193, 42 A. 352, it was held that the reservation or exception of 'a way' reserved only an easement, not the soil or fee. In Wellman v. Dickey, 78 Me. 29, 2 A. 133, a deed containing the words 'excepting the roads laid out over said land' was held to convey the fee within the limits of the road, subject to the easement of the public incident to the use of the road. See, also, Roxana Pet. Corp. v. Corn, 8 Cir., 28 F.2d 168; Shell Pet. Corp. v. Corn, 10 Cir., 54 F.2d 766, and Martin v. Southern Pine Lbr. Co., Tex.Com.App., 284 S.W. 918."

Also, see Jones v. Sun Oil Co., Tex.Civ. App., 110 S.W.2d 80, writ refused; '14 Tex.Jur. 958; 16 Am.Jur. 615, 616; 18 C.J. 341; Right of Way Oil Co. v. Gladys City Oil, etc., Co., 106 Tex. 94, 157 S.W. 737, 51 L.R.A.,N.S., 268; Gladys City Oil, Gas & Mfg. Co. v. Right of Way Oil Co., Tex.Civ.App., 137 S.W. 171, 178; Roxana Pet. Corp. v. Corn, 8 Cir., 28 F.2d 168; Shell Pet. Corp. v. Corn, 10 Cir., 54 F.2d 766, 769; City of Stamford v. King, Tex. Civ.App., 144 S.W.2d 923.

■ The deed in question described by metes and bounds a 393-acre tract. The habendum clause reads: "To have and to hold the above described land and premises, mill and machinery, unto said Calvin V. Young, his heirs and assigns, in fee simple forever." There followed a covenant of general warranty of the title to "the above described land." As in the Klein case, supra, there was no language used indicating the exception was for the benefit of the grantor. By the terms of the exception there was excepted a part of the "Henderson and Tyler Highway" which, the exception recites, crosses the "above bounded land" at a certain corner. The highway divided said tract separating a small por-

tion thereof from the main body. A reservation of the title to the land, in 1925, would have had the effect of withholding a wedge of land by the grantor, which in all probability would have been valueless to the grantor and would have greatly reduced the value of the tract to the grantee. The highway excepted was not described by metes and bounds. It would be unreasonable to assume that the grantee paid $5,000 for the described tract of agricultural land and that he permitted to be excepted therefrom an undetermined quantity of land in such a shape. By the very terms of the deed no *land* was excepted from the conveyance. By its express terms the exception was of a "highway" across the land described and conveyed.

Bearing in mind the established rules of construction that grants are liberally, exceptions strictly, construed, we are compelled to agree with the trial court that this was no exception of land but that the grantors intended by such provision to protect themselves on their warranty against any claim by virtue of their previous conveyance of a right of way to Rusk County, which right of way had become a state highway. It is evident that if the exception had in terms been of a right of way, or road, or passage way across this land, it would not be contended, under the circumstances of this case, that there was an exception of the title to land, but of an easement only. The use of the term "highway" does not require a different interpretation.

In Webster's Revised Unabridged Dictionary, "highway" is defined as follows: "A road or way open to the use of the public; a main road or thoroughfare." The synonyms given for highway are "way; road; path; course." In Webster's New International Dictionary "highway" is defined as "a main road or thoroughfare, hence a road or way open to the use of the public * * *."

The term "highway" has been construed as synonymous with "road." Brace v. New York Central R. Co., 27 N.Y. 269; Elliott Roads & Streets, 4th Ed., vol. 1, § 4, Notes.

In Devlin on Real Estate—Deeds, 3d Ed., Vol. 2, sec. 1028a, it is said: "The natural presumption where the deed conveys land bordering on a stream or highway, is that the grantor meant to convey what he owns, and not to reserve a strip of land of no value to him, but the loss of which to the grantee might be productive of great injury * * * But, in the absence of words showing such an intention, it is not presumed that the grantor intended to retain in himself the fee to the street or stream when he has parted with the adjoining land."

The trial court found that H. B. Young and wife, by their deed to Calvin Young in 1925, conveyed all said grantors' right, title and interest in said 393 acres of land. We think this finding is correct and supports the judgment. That court found that the exception was unambiguous, but, if ambiguous, that the extrinsic evidence showed such to be the intention of the parties. We think the exception unambiguous, but, if ambiguous, find the evidence supports the trial court's conclusion.

Upon the theory that it was ambiguous, appellant, over appellees' objections, introduced extrinsic evidence to show the intention of the parties. If this were error it was invited, not reversible, error. Texas & N. O. R. Co. v. Geiger, 55 Tex. Civ.App. 1, 118 S.W. 179, writ refused; Farmer v. Crowley, Tex.Civ.App., 239 S.W. 1017; Houston, E. & W. T. R. Co. v. Jackson, Tex.Com.App., 299 S.W. 885.

The judgment is affirmed.